## J. Y. WITHERSPOON v. THE STATE.

### No. 2227. Decided February 27, 1901.

**1. Resisting Officer Executing a Writ—Validity of Writ.**

On a trial for resisting an officer in the execution of a writ issued in a civil suit, defendant can not be heard to justify the resistance because the writ is merely informal or voidable, if it has been issued by a court of competent jurisdiction. Where the writ is merely informal, but not illegal or void, its informality is no palliation to the offense of one resisting the officer in his attempts to execute it.

**2. Same—Requested Instruction.**

On a trial for resisting an officer in the execution of a writ, a requested instruction to the effect that the jury should acquit in case it was not a valid and legal writ as required by law, was properly refused, because it submitted to the jury the validity and legal effect of the writ, which was a question to be decided by the court and not the jury; and it was the duty of the court to tell the jury that the writ was in fact a valid writ, such being the case.

**3. Same.**

On a trial for resisting an officer in the execution of a writ, if the writ is fair on its face, although informal, and although it might be quashed in a civil proceeding, yet these matters would not be any defense in such a prosecution.

**4. Same—Information—Counts—Charge.**

Where an information contained several counts, and defendant was convicted upon the first count, errors complained of in the charge of the court, with reference to the other counts, are immaterial.

**5. Same—Process as Evidence.**

On a trial for resisting an officer in the execution of a writ of sequestration, when the writ was offered in evidence by the State, objections were interposed as to its validity in regard to formal matters which, even conceding they were good, on a motion to quash in a civil case, were wholly without merit in a criminal proceeding, and consequently the writ was properly admitted in evidence.

**6. Same—Evidence as to Another Offense.**

On a trial for resisting an officer in the execution of process, where it appeared that after such resistance the officer had procured a warrant for the arrest of defendant on account of said resistance, it was error to admit testimony as to what was done and the acts, sayings and conduct of defendant in connection with his arrest, since such matters related to a separate and distinct offense not illustrative of, or tending to prove any issue in, the case on trial.

**7. Same.**

On a trial for resisting an officer, who was attempting to execute a writ of sequestration, which was not void or invalid upon its face, an offer by defendant of the bond and affidavit for sequestration as evidence to show its illegality and invalidity was properly refused, and the evidence rightly excluded. Such evidence would not render illegal a writ simply voidable on its face.

APPEAL from the County Court of Ellis. Tried below before Hon. J. E. LANCASTER, County Judge.

Appeal from a conviction for resisting an officer in the execution of legal process; penalty, a fine of $1.

The opinion states the case.

*J. C. Smith,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for resisting an officer, under the first count in the information, and his punishment assessed at a fine of $1. The information is as follows: "In the name and by the authority of the State of Texas, Lee Hawkins, county attorney in and for the county of Ellis, State of Texas, duly elected and qualified, now here in County Court of said county information makes that J. Y. Witherspoon, on or about the 11th day of April, A. D. 1899, and before the making and filing of this information, with force and arms, in the county of Ellis, State of Texas, did unlawfully and willfully prevent and defeat the execution of a certain process in a civil cause, by means not amounting to actual resistance, but which were calculated to prevent and defeat the execution of said process; that is, W. P. Dunaway, who was then and there the duly qualified constable of justice. precinct number six, in and for Ellis County, said State, had in his hands, and directed to him as such officer, for execution, a legal valid writ of sequestration, which had been issued from the justice court of justice precinct number 6 of said Ellis County, in a civil cause in said court, wherein J. A. Brown and Susan Brown were plaintiffs and J. Y. Witherspoon was the defendant, numbered on the civil docket of said court 465, and which said process commanded the sheriff or any constable of said county to take into his possession one trunk, one clock, one white bonnet, two quilt tops, one silk handkerchief, one pair of gloves, one silk chair cushion, one parasol, one red handkerchief, one teapot, one shovel, some delftware, one dress, two gowns, and keep the same subject to further orders in said suit, unless replevied according to law. And while the said W. P. Dunaway, as constable aforesaid, was then and there in a lawful manner attempting to execute said process as therein commanded, the said J. Y. Witherspoon, knowing that the said W. P. Dunaway was constable aforesaid, and that the said W. P. Dunaway as such was attempting to execute said valid legal process, did unlawfully and willfully prevent and defeat the execution of the same by then. and there refusing to permit the said W. P. Dunaway to take the said property, into his possession, and by then and there threatening to kill the said Dunaway if he attempted to take possession of said property, and by pushing said Dunaway back from the stairway, thereby preventing him from going upstairs, where a part of the property was. And said county attorney does further information make that on or about the 11th day of April, 1899, and before the making and filing of this complaint, in the county of Ellis, State of Texas, the said J. Y. Witherspoon did unlawfully and willfully oppose and resist an officer in executing and attempting to execute a lawful process in a civil cause, in this: That W. P. Dunaway, who was then and there the duly qualified constable of precinct number six, in said Ellis County, had in his hands, as such officer, a legal, valid process, as follows: 'The State of Texas. To the Sheriff or any Constable of Ellis County—Greeting: Whereas, Susan Brown has made affidavit that J. Y. Witherspoon un-

lawfully detains from her the following described property: One trunk, one clock, one white bonnet, two quilt tops, one silk handkerchief, one pair of gloves, one silk chair cushion, one parasol, one red handkerchief, one teapot, one shovel, some delftware, one dress, two gowns, of the value of $5—the property of her, the said Susan Brown, to the possession of which she has a good and lawful right, and for the recovery of which she has brought suit; and that she fears that the defendant, J. Y. Witherspoon, will ill treat, injure, waste, destroy, and remove from the county said property during the pending of this suit—these are therefore to command you that you take into your possession the above described property, if to be found in your county, and to keep the same subject to further orders in said suit, unless replevied according to law. Herein fail not and due return make. Given under my hand this the 11th day of April, A. D. 1899. P. W. Lowe, Justice of the Peace, Precinct Number Six, Ellis County, Texas.' And while the said W. P. Dunaway, constable as aforesaid, was then and there, in a lawful manner, attempting to execute the said process as therein commanded to do, the said J. Y. Witherspoon did unlawfully and willfully resist and oppose him in so doing, by then and there threatening to kill the said Dunaway before he would permit him to take said property, and by then and there pushing the said Dunaway down and away from a stairway with his hands, thereby preventing the said Dunaway from going upstairs, where some of said property was. And said county attorney does further information make that on or about the 11th day of April, 1899, and before the making and filing of this complaint, in the county of Ellis, State of Texas, the said J. Y. Witherspoon, in and upon W. P. Dunaway, did commit an aggravated assault, and did then and there push the said Dunaway with his hand, the said Dunaway then and there being an officer, to wit, constable of justice precinct number six, Ellis County, said State, and then and there in the lawful discharge of the duties of said office, and the said J. Y. Witherspoon then and there being informed and knowing that the said W. P. Dunaway was then and there an officer discharging an official duty, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the state."

Motion was filed by appellant to quash the information, but an inspection thereof shows it relates solely to the second count thereof, and does not refer to the first count, on which the conviction was had. We deem it proper, however, to pass upon the first count in the information, regardless of whether or not appellant's motion refers thereto. Furthermore, we hold all of the counts in the information are valid.

Article 4865, Revised Statutes, provides: "No sequestration shall issue in any case until the party applying therefor shall file an affidavit in writing stating (1) that he is the owner of the property sued for, or some interest therein, specifying such interest, and is entitled to

the possession thereof; or (2) if the suit be to foreclose a mortgage or enforce a lien upon the property, the fact of the existence of such mortgage or lien, and that the same is just and unsatisfied, and the amount of the same still unsatisfied, and the date when due. (3) The property to be sequestered shall be described with such certainty that it may be identified and distinguished from .property of a like kind, giving the value of each article of the property and the county in which the same is situated. (4) It shall set forth one or more of the causes named in the preceding article entitling him to the writ." Article 4869, Revised Statutes, provides, in substance, that the writ must describe the property as it is described in the affidavit.

Were this a civil proceeding, upon motion filed, the court might quash the writ copied in the information here, on the ground that the value of each article of property, and the county in which the same is situated, is not stated in said writ. But we apprehend a different rule prevails where a defendant is proposing to justify resistance to an officer in the execution of a writ with this character of defect from the rule on a motion to quash the writ, and the affidavit upon which it is predicated, in a civil suit. Judge Cooley, in his work on Torts, in treating this matter, used the following language: "The process that shall protect an officer must, to use the customary legal expression, 'be fair on its face.' By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form, but what is intended is that it shall apparently be process lawfully issued, and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it. The word 'process' is made use of in this rule in a very comprehensive sense, and will include any writ, warrant, order, or other authority which purports to empower a ministerial officer to arrest the person, or to seize or enter upon the property of an individual, or to do any act in respect to such person or property which, if not justified, would constitute a trespass. Thus, a capias ad respondendum, or any warrant of arrest, is process; so is a writ of possession; so is any execution which authorizes a levy upon property; and so is any authority which is issued to a collector of taxes, and which purports to empower him to collect the taxes by distress of goods. These are only illustrations of a class too numerous to be specified in detail." See Cooley, Torts, 2 ed., pp. 538, 539, 560.

Mr. Mechem says: "The duty of the officer is ministerial, not judicial. His province is to execute the process regularly delivered to him for service, and not to sit in judgment upon the regularity of

the proceedings upon which it was obtained.  He is protected by the law, as will be seen hereafter, in executing according to its tenor all process, fair upon its face, which is delivered to him for service.  He will therefore be protected in executing, and it is his legal duty to execute, process, though it be irregular, erroneous, or voidable, where it comes in due form from a court of competent jurisdiction, and neither his own intrinsic knowledge that there existed no cause of action, or that the judgment, not reversed or stayed, was fraudulently obtained, nor the fact that the judgment or proceedings were irregular, nor any other defect or irregularity not rendering the process void, can excuse him from its service.  'Mere formal defects in the process,' it is said, 'not rendering it void, even if considerable enough to cause it to be abated, quashed, or set aside as irregular, on proper motion or plea by the party directly affected by it, but which, if not so moved, do not affect the legal validity of the process, can never be interposed by the officer in whose hands it is placed for service as a shield to protect him from the consequences of plain derelictions of duty in respect to it.'  A distinction is, however, to be observed between process which is irregular, defective, or voidable only and that which is void for want of jurisdiction or other cause."  Mech. Pub. Off., sec. 745. And again:  "Where process, fair upon its face, is put into the officer's hands for service, it is his duty, as has been seen, to proceed to execute it according to its command.  Out of this duty arises the necessity of protection, and the rule is well settled that for the proper service of such process the officer incurs no liability, however disastrous may be the effects upon the defendant, or however unlawful may have been the proceedings which preceded it.  The process which will afford the officer this protection, as being fair upon its face, has been defined by Judge Cooley as that 'which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority.' "  Id., sec. 768.  It is laid down in Wharton, Criminal Law, section 425, that where a warrant is merely informal, but not illegal or senseless, its informality will be no palliation for the killing of the officer intrusted with its execution.

From the foregoing it appears that defendant could not be prosecuted for resisting a void writ, but an informal or voidable writ, where it comes from a court of competent jurisdiction, as the writ alleged in the information in this case, would justify and authorize an officer to execute the writ, and if defendant resists that character of writ he would be guilty, regardless of any mere informalities in the writ.

Appellant asked the court to charge the jury that if they believed from the evidence that said W. P. Dunaway, constable, was attempting to execute a writ of sequestration, but it was not a valid and legal writ, as required by law, to acquit.  In his main charge the court gave the following, in substance:  "If you believe from the evidence beyond a

reasonable doubt that defendant did * * * prevent or defeat the execution of any process in a civil cause, by any means not amounting to actual resistance, but which were calculated to prevent the execution of such process, you will find defendant guilty," etc. We do not think the court erred in refusing the special instruction, since it relegated to the jury the question of the validity and legal effect of the writ. This was a question for the court, and not the jury, to decide. In other words, it was the duty of the court to tell the jury that the writ introduced was in fact a valid and legal writ. His special charge number 2 is also with reference to the legality of the writ, submitting that the affidavit on which the writ of sequestration is issued must describe the property so that it may be identified and distinguished from property of a like kind, giving the value of each article and the county where situated. As stated before, it is immaterial, so far as this prosecution is concerned, whether the writ was exactly formal or not, and whether it corresponds exactly with the affidavit. If the writ, as said by Judge Cooley, is fair on its face, although informal, and although it might be quashed in a civil proceeding, yet these matters would not be any defense to appellant, nor any reason why the officer would not be protected in an effort to execute the same.

The fifth ground of appellant's motion complains of the third paragraph of the court's charge. The charge is numbered by paragraphs, but this complaint seems to relate to a portion of the charge with reference to the second count in the information. The jury having found appellant guilty under the first count, it is immaterial as to any error or supposed error in the charge as to the second count in the information.

It is made to appear by bill of exceptions number 1 "that the State offered in evidence the writ of sequestration, to which counsel for the defendant objected: (1) The writ of sequestration, the execution of which defendant is charged with resisting, shows on its face that it is invalid, because it failed to describe the property sought to be sequestered with such certainty that it may be identified and distinguished from the property of a like kind, and failed to give the value of each article of the property, and to show in what county the same was situated; (2) because the writ showed Susan Brown was plaintiff in the civil cause, when defendant was charged with resisting a writ in cause in which J. A. and Susan Brown were plaintiffs; (3) because the affidavit on which said writ was issued was wholly insufficient and defective to support said writ, and admitted so to be by counsel for State, and the court overruled the objections, and permitted the writ to be introduced." A reference to the information shows objection number 2 does not lie against the first count, upon which appellant was convicted, since that charges that J. A. and Susan Brown were plaintiffs, and J. Y. Witherspoon was defendant. As said above, the objections might or might not be good (on the matter we are not passing) in a

motion to quash the writ in a civil case; but, even conceding they are, they are without merit when urged by appellant as defense in this case.

Bill number 2 states that "the State offered to prove the following facts, viz: While witness W. P. Dunaway was on the stand, and had testified that, at the time of the arrest of defendant, he (defendant) resisted said arrest and told said Dunaway and Deputy Sheriff Forbes, with him, that they could not arrest him, and after said Dunaway had testified that defendant did not try to strike the officers, that they, said Dunaway and Forbes, arrested defendant, and handcuffed him, to which counsel for defendant objected, for the following reasons: Because defendant was not charged with resisting a warrant of arrest, and any testimony as to what said defendant said or did at said time was irrelevant, and had no connection with the case, and tended to prejudice, and did prejudice, the jury against the defendant; and the court overruled the objections, and permitted said witness to testify as aforesaid. Defendant excepted to said ruling," etc. The court qualifies this bill as follows: "That W. P. Dunaway had testified that he went to the house of defendant about 9 o'clock in the morning to levy the writ of sequestration, and defendant resisted and prevented the execution of the same. That witness left house of defendant. A complaint was filed against defendant for resisting the execution of said writ of sequestration, and warrant was issued and placed in the hands of said Dunaway, and about 5 o'clock in the evening of the same day said Dunaway and Henry Forbes, deputy sheriff, went back to the house of defendant, for the purpose of executing the writ of sequestration and the warrant of arrest. Upon the arrival at house of defendant, he told said Dunaway and Forbes that they could not arrest him, and that there were not men enough in Ellis County to arrest him. And defendant's attorney took this bill of exceptions substantially as stated above. But on the trial of this case Henry Forbes testified that, before anything was said by either him or Dunaway about arresting defendant, he (Forbes) told defendant that they had come after those things; that defendant replied they could not get them; and that he (Forbes) then told defendant that they would 'take the goods, and him too,' and proceeded to arrest defendant and handcuff him, and, while he (Forbes) held defendant, Dunaway executed the writ of sequestration." We do not think this testimony is admissible. It was permissible to prove the gravamen of the offense charged in the information; but, on the question of resistance of the warrant of arrest, if appellant subsequently resisted the execution of the civil process—the writ of sequestration—this would be a separate and distinct offense, in no way connected with, illustrative of, or tending to prove any issuable fact in the case then on trial. The learned judge should not have permitted the introduction of this testimony.

Bill number 3 complains that appellant offered in evidence bond and affidavit for sequestration, for the purpose of showing that same was insufficient, invalid, and void, and that the writ of sequestration, execution of which it was charged defendant resisted, was illegal, invalid, and void. On the objection of the State, it was excluded. We do not think the court erred in this ruling. As indicated above, the writ of sequestration, put in its strongest light in favor of appellant, was simply voidable on its face. The officer had a right to execute the same, being from a court of competent jurisdiction, under the proper signature of the justice of the peace. We note that the information charges appellant did unlawfully and willfully prevent the execution of certain process, etc. Upon another trial the charge of the court should follow this allegation. For the error discussed in admitting the testimony complained of, the judgment is reversed and the cause remanded.

*Reversed and remanded.*