(No. 36277.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM WITHERSPOON, Plaintiff in Error.

*Opinion filed March 25, 1963.—Rehearing denied May 22, 1963.*

COGHLAN, COGHLAN AND JOYCE, of Chicago, (JAMES L. COGHLAN, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS, THOMAS A. HETT, and ELMER KISSANE, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM: Defendant, William Witherspoon, and one Frank Dyrda were jointly indicted by the grand jury of the criminal court of Cook County for the crime of murder. The defendant was tried separately by a jury. The jury returned a verdict of guilty and assessed the death penalty and the case is here on a writ of error to review the judgment of conviction.

The defendant does not contend that the evidence was insufficient to establish his guilt and it is therefore not necessary to review the evidence at any great length. We believe, however, that an understanding of some of the issues presented on this writ of error requires a brief summary of the evidence. On the night in question, police officer Mitchell Stone and his partner, Gerald Marzillo, were on patrol duty in a squad car. They stopped at a traffic light and a woman approached the car and pointed toward the defendant, stating that he had a gun. The officers observed the defendant walking across the street towards a parking lot and they proceeded in their car down an alley adjoining the lot. The officers got out of the car and searched for the defendant, and in the course of the search the two officers became separated. Marzillo heard a shot and shortly thereafter he found officer Stone in the parking lot, mortally wounded. Marzillo radioed for help and gave the officers who responded to his call a description

of the defendant. The defendant was apprehended a short time later in a nearby service station and his gun was found in the washroom of the station. The defendant was taken to the hospital where he was identified by Stone and Marzillo. Officer Stone died shortly thereafter. The defendant subsequently confessed that he had killed the officer, although he refused to sign a written confession. The defendant testified in his own behalf and admitted shooting the officer but claimed that the gun went off accidentally. In rebuttal, the State introduced the record of the defendant's conviction of the crime of grand larceny in the State of Michigan.

The first contention advanced by the defendant is that the trial court erred in permitting the State to prove that the defendant had been convicted of the crime of grand larceny in the State of Michigan. In support of this argument, the defendant points out that under the Michigan statute the crime of grand larceny is punishable by imprisonment or a fine, (Michigan Statutes Annotated, chap. 52, par. 28.588, sec. 356) and directs our attention to the holdings of this court that where a crime is punishable by either a fine or imprisonment or both, the offense is a misdemeanor. (See *People* v. *Stavrakas,* 335 Ill. 570, 582.) Defendant contends that since the Michigan statute provides for a fine, the offense must be regarded as a misdemeanor and he argues that evidence of this conviction was therefore inadmissible since only evidence of a prior conviction of an infamous crime is admissible for impeachment purposes. (*People* v. *Birdette,* 22 Ill.2d 577.) We are of the opinion that the defendant's contention cannot be sustained. In *People* v. *Kirkpatrick,* 413 Ill. 595, an analogous situation was presented. In that case the defendant had been convicted in the Federal court of interstate transportation of a stolen automobile. Under the Federal statute this crime was an infamous crime. We held that we were not bound by the classification imposed by Federal

law but must look to the gist of the offense to determine whether the crime, if committed in Illinois, would be an infamous crime. We pointed out that the Federal offense was analogous to the crime of receiving stolen property, which is not an infamous crime in Illinois, and we therefore held that proof of the defendant's conviction of the Federal offense was inadmissible. Here the defendant was convicted of the crime of grand larceny in Michigan. Regardless of the penalty imposed by Michigan law, it is clear that the offense of grand larceny in Illinois is an infamous crime. We therefore are of the opinion that the trial court did not err in permitting the State to prove that the defendant had been convicted of the crime in the State of Michigan.

The defendant also contends, in connection with the admission of the record of the Michigan offense, that the jury was prejudiced by the manner in which the conviction was brought to the attention of the jury. At the direction of the court the prosecutor summarized the Michigan record rather than reading the entire record to the jury. He stated that the record showed that the defendant was charged with breaking and entering a building and also with grand larceny, that the record showed a plea of not guilty, and then showed a plea of guilty to the grand larceny count of the indictment. The defendant contends that he was prejudiced by reason of the fact that the jury was informed that he was charged with the offense of breaking and entering. In view of the fact that the prosecutor advised the jury that a plea of not guilty had been entered and that the defendant pleaded guilty only to the grand larceny charge, we are of the opinion that no prejudicial error was committed. The defendant also complains that the prosecutor told the jury that the defendant was sentenced to the penitentiary for the maximum statutory penalty of 5 years, while the record showed that the sentence was actually for an indeterminate period of not less than 2 nor more than 5 years. The prosecutor's summary was

inaccurate in this respect, but in view of the fact that the maximum penalty under the indeterminate sentence was 5 years, we are of the opinion that the prosecutor's statement that the defendant was sentenced for the maximum period did not constitute prejudicial error.

In the defendant's second assignment of error he contends that the trial court was guilty of prejudicial conduct of such a character as to deprive the defendant of a fair trial. The first instance of such alleged prejudicial conduct involves the testimony of a witness for the State. The witness testified that the defendant admitted shooting officer Stone, and at the conclusion of his direct examination the court stated to the witness, "Sit up a little closer. You look a little too relaxed there. Let's get this over with." We are unable to perceive how this remark, directed to a witness for the State, could in any way prejudice the defendant.

Next, the defendant contends that the court erred in admitting in evidence, certain warrants showing that the defendant was charged with crimes in the State of Michigan. It is established that the fact that warrants have been issued for the arrest of a defendant for previous crimes may be shown to establish a motive for killing a police officer attempting to arrest the defendant. (*People* v. *Scheck*, 356 Ill. 56; *People* v. *Durkin*, 330 Ill. 394.) The trial court therefore did not err in permitting the State to introduce these warrants. The defendant also objects to certain remarks made by the court concerning these warrants. The court stated to the jury that they were received in evidence solely for the purpose of showing that the defendant was a fugitive evading arrest and therefore had a motive for resisting arrest, and stated that insofar as the exhibits tended to show the likelihood that the defendant had committed some other offense, they should be disregarded. This statement by the court was a correct statement of the law and was designed to protect the interest of the defendant and could not prejudice him.

The next instance of alleged prejudicial conduct concerns the testimony of a police officer who testified that the defendant told him, "I was hot and I didn't want to be taken in. I was wanted for robberies in Detroit. I had been in the penitentiary before and I didn't want to go back. That's why I shot." Defendant's counsel objected and moved for a mistrial. The court denied the motion and stated that the part of the conversation with reference to service in a penitentiary should be disregarded by the jury and advised the jury that the fact that he even made an admission of any other offense should be considered by the jury only as affecting the defendant's credibility if he should take the stand. We note that the jury had previously been advised of the fact that the defendant had a prior criminal record, for this fact was brought out on the *voir dire* examination of the prospective jurors. In view of the fact that the jurors knew of the defendant's prior conviction, and in view of the court's admonishment to the jury, we are of the opinion that there was no prejudicial error in this testimony.

The defendant next contends that prejudicial error occurred during the cross-examination of a police officer. On direct examination the witness testified that the defendant had made an oral confession and also testified that he later introduced the defendant to an assistant State's Attorney who intended to obtain a statement from the defendant. On cross-examination, defense counsel asked whether the witness was in the room when the assistant State's Attorney and the court reporter were taking a statement from the defendant. The prosecutor objected to the form of the question and the court stated "All right, I know this officer and I think he can take care of himself. Overruled. He may answer." The witness then replied that he was not in the room. The manner in which the court overruled the prosecutor's objection and permitted the witness

to answer defense counsel's question did not prejudice the defendant.

A further instance of alleged misconduct concerns a remark made by the trial judge during the defendant's cross-examination. The defendant testified that certain officers had beaten him and the court then said "All right, counsel, go right down the line with these officers." Defendant argues that this remark indicated to the jury that the court did not believe the defendant and did believe the officers. In our opinion the remark meant that the prosecutor should call all the officers as witnesses, and did not indicate that the court would believe the testimony of the officers.

The defendant also complains that the court told the prosecutor to read only the "highlights", or "high spots" of the exhibits showing that the defendant was charged with certain crimes in Michigan. The record shows that the prosecutor did merely summarize these exhibits and that the court remarked at the conclusion of the prosecutor's summary of each one that the summary was sufficient and that the prosecutor need not read any further. Again we are unable to understand the defendant's contention that these remarks by the trial court prejudiced the defendant. The court ruled that the only purpose of these exhibits was to establish a motive and therefore it was only necessary to establish that the defendant had been charged with these crimes. The insistence of the trial court that the prosecutor read only so much of these exhibits as was required to establish this fact was designed to protect the defendant's rights rather than to prejudice him.

The next instance of alleged prejudicial conduct involves the testimony of a police officer that he observed tatoo marks on the knuckles of the defendant. On the knuckles of one hand the word L-O-V-E was tatooed, and on the other the word H-A-T-E. The officer testified that the defendant stated that these words mean that he loved

women and hated "coppers". This testimony was relevant to establish the defendant's motive for killing the police officer.

The defendant also complains that the court restricted the State's rebuttal evidence. The defendant testified before the jury that his confession was induced by police brutality. In rebuttal the State called all of the witnesses present at the time of the alleged acts by the police officers. The court told the prosecutor that he was not going to permit him to put on cumulative evidence and told the prosecutor that he could bring on any officer who had been specifically named and charged by the defendant with an act of violence and that the prosecutor could ask such witnesses whether they committed any act of violence or saw any other officer abuse the defendant, but that he would not permit these witnesses to go back over all of their original testimony. Here again we are of the opinion that the ruling of the trial judge in restricting the State's rebuttal could not possibly prejudice the defendant.

At the time the court announced that he would not permit cumulative evidence, he remarked "the Supreme Court is not going to try this case. They may reverse me if it gets that far, but I'm not going to permit you to put on cumulative evidence * * *." In our opinion this remark by the court was not prejudicial error.

The defendant further claims that the court made improper comments on the testimony of the rebuttal witnesses. One witness testified that he did not notice any violence used on the defendant. When he was asked if any officer hit the defendant the court said "He has already answered that. He said he didn't notice any violence." This remark prevented the witness from repeating his testimony and was not prejudicial.

The defendant contends that he was prejudiced by reason of the fact that the trial judge repeatedly admonished the prosecutor to hurry up. These remarks, directed

to the prosecutor, were not prejudicial to the defendant. The defendant also complains about the fact that the defendant's trial counsel offered to stipulate that certain officers did not abuse the defendant. This stipulation was entirely proper because the defendant never claimed that these officers had beaten him. In spite of defense counsel's offer to enter into this stipulation the trial judge said, "No you won't. I think these officers that have been specifically mentioned by the defendant have a right to come into court." The attempted stipulation and the remarks of the court were in no way prejudicial to the defendant.

The defendant also complains of the fact that a police officer volunteered the statement that he never struck anyone except in self-defense. This statement by the officer was made during his cross-examination. He was asked, over the prosecutor's objection, "You never hit anybody, do you?" And the officer replied, "In self-defense." When this officer was called in rebuttal, the court said, "You have already testified that you didn't abuse or strike the prisoner in this case and you never struck anyone except in self-defense. Is that true?" The witness replied that the court's statement was correct and the court then told counsel to proceed if he had any further questions. The statement by the officer in response to defense counsel's question on cross-examination was not prejudicial nor was the remark of the trial court summarizing the officer's previous testimony.

Another instance of alleged prejudicial conduct involves the testimony of Frank Dyrda. The defendant insisted on calling Dyrda as a defense witness, although the defendant's trial counsel advised against using Dyrda. The court advised the defendant that if his lawyers had decided that it was not proper to use Dyrda as a witness they probably had good reason. The defendant, however, insisted on calling Dyrda. He testified on direct examination that the gun which the defendant used to shoot the officer

was Dyrda's gun and that the defendant had obtained it from Dyrda's room without his knowledge. He testified that he was not present at the time and place of the crime. He saw the defendant in the police station and saw a policeman swinging at him. On cross-examination he was asked whether he said to a certain police officer, "Give me your gun and I will go over and shoot Witherspoon." The witness said, "That has nothing to do with the case.", but the court directed the witness to answer the question. The witness then replied that he had made the statement. We agree with counsel for the defendant that this testimony was irrelevant, and we·are of the opinion that the trial court should not have permitted the witness to answer the question. However, in view of the clear evidence of the defendant's guilt, the error is not of such a prejudicial nature as to warrant a reversal of the judgment of conviction.

Finally, the defendant contends that the court improperly admitted evidence that officers Stone and Marzillo identified the defendant as the man who shot Stone. This evidence was admitted without objection and the defendant cannot raise this question for the first time on review. It is also argued that the court improperly permitted numerous officers to testify as to defendant's oral confession, in addition to admitting in evidence the unsigned written confession. Defendant contends that this cumulative evidence was prejudicial to the defendant. We have carefully reviewed the evidence as set forth in the abstract and find that it does not support defendant's statement that the officers were permitted to repeatedly testify concerning the defendant's oral confession. The officers did testify as to various conversations with the defendant, apart from defendant's oral confession, and the evidence of these conversations was properly admitted.

In view of the fact that the jury imposed the extreme penalty we have discussed all of the alleged instances of

misconduct referred to by the defendant in his brief in greater detail than we would normally find necessary or appropriate. We are satisfied that the trial court scrupulously guarded the rights of the defendant and that the defendant received a fair trial.

The judgment of the criminal court of Cook County is affirmed and the Clerk of this court is directed to enter an order fixing Friday, June 21, 1963, as the date on which the original sentence entered in the criminal court of Cook County shall be executed. A certified copy of the order shall be furnished by the Clerk of this court to the sheriff of Cook County.

*Judgment affirmed.*