337 F.2d 427
 UNITED STATES of America ex rel. William WITHERSPOON,
Petitioner-Appellant,
v.
Richard OGILVIE, etc., et al., Respondents-Appellees.
UNITED STATES of America ex rel. William WITHERSPOON,
Petitioner-Appellee,
v.
Richard B. OGILVIE, etc., et al., Respondents-Appellants.
UNITED STATES of America ex rel. William WITHERSPOON,
Relator-Cross-Appellant,
v.
Richard OGILVIE, etc., et al., Respondents-Cross-Appellees.
 Nos. 14397, 14595, 14597.
 United States Court of Appeals Seventh Circuit.
 Sept. 28, 1964.
 
 Julius Lucius Echeles, Melvin B. Lewis, Chicago, Ill., for witherspoon.
 Charles R. Markels, Chicago, Ill., Marshall Patner, Chicago, Ill., Joel Sprayregen, Bernard Weisberg, Chicago, Ill., of counsel, amici curiae.
 Daniel P. Ward, State's Atty., Elmer Kissane, Asst. State's Atty., Chicago, Ill., William Nellis, Asst. State's Atty., Chicago, Ill., for Ogilvie.
 Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 William Witherspoon was convicted following a jury trial in the Criminal Court of Cook County, Illinois, on an indictment charging him with murder. At his trial Witherspoon testified to the effect that his shooting of the police officer he killed was accidental. A statement Witherspoon made to police officers and an assistant state's attorney a few hours after the incident but which he refused to sign after it was transcribed was admitted in evidence against him following a preliminary hearing by the trial court on petitioner's motion to suppress it as involuntarily made. This statement or confession contained an admission by the petitioner to the effect that he shot the officer to avoid arrest after the officer fired a shot at him.
 
 
 2
 The jury, pursuant to the Illinois statute then in effect authorizing the jury to fix the punishment,[1] imposed the death penalty. The state trial court pronounced judgment on the jury's verdict. On appeal the Illinois Supreme Court affirmed. (People v. Witherspoon, 27 Ill.2d 483, 190 N.E.2d 281).
 
 
 3
 The instant appeals have their origin in a petition for habeas corpus Witherspoon filed in the District Court. That court dismissed the petition for failure to exhaust state remedies with respect to certain of the grounds upon which petitioner predicated a right to the relief sought, and as to other matters raised therein the petition was denied. Petitioner prosecuted an appeal to this Court (No. 14397) and was granted a stay of proceedings pending disposition of certain of his claims in the State courts. Following denial of his petition for a writ of habeas corpus by the Illinois Supreme Court and that Court's denial of his petition for writ of error from the denial of his post-conviction petition by the Criminal Court of Cook County, petitioner filed an amended habeas corpus petition in the District Court. The habeas corpus proceeding culminated in a second order of the District Court which rejects the petitioner's contentions that a constitutionally impermissible standard was used in determining the voluntary nature of the confession but which adjudges the sentence constitutionally invalid as being imposed under a statutory provision which denied petitioner due process of law and equal protection of the laws. The order directs that petitioner be presented 'before the Criminal Court of Cook County for the purpose of sentencing upon the verdict of the jury of guilty heretofore rendered and with consideration of its recommendation of the death penalty, such sentence to follow an opportunity to be extended the parties to make their statements and pleas in mitigation and aggravation'. The respondents appealed (No. 14595) and the petitioner cross-appealed (No. 14597).[2] These two appeals were consolidated and they were argued jointly with the petitioner's appeal in No. 14397. We elect to dispose of them all in one opinion.
 
 
 4
 The petitioner contends the District Court erred in not awarding him a new trial. In this connection he urges the record establishes that the confession was coerced; that the state court trial judge used a constitutionally impermissible standard in its instruction to the jury concerning the jury's consideration of the content of the confession; and that a statement made by the trial judge was so prejudicial to the defendant as to vitiate the trial. Petitioner also contends the District Court erred in not conducting an independent evidentiary hearing on the issue of the voluntariness of the confession.
 
 
 5
 In respondents' appeal it is contended the District Court erred in holding the Illinois statute and procedure under which the jury fixed the punishment constitutionally invalid.
 
 
 6
 There appears to be no dispute that petitioner shot and killed a police officer. A jury found the circumstances of the killing to constitute murder. The Illinois Supreme Court affirmed the conviction in an appeal in which competent counsel representing the petitioner did not assail the trial court's ruling as to the admissibility of the confession-- which after a full hearing the trial court had found to be voluntary.
 
 
 7
 From an examination of the record before us and an evaluation of the contentions of the parties and amicus curiae in the light of a study of the authorities and cases cited and relied upon in the respective briefs we are of the opinion the District Court did not err in rejecting the petitioner's contentions it did reject but did err in holding the Illinois statute requiring the jury to fix the punishment, and the procedure employed under that statute, to infringe the federal constitutional guarantees of due process and equal protection of the laws.
 
 
 8
 We therefore reverse the judgment order of the District Court and remand the cause with directions that the amended petition be dismissed. We proceed to set forth briefly the reasons for the disposition we make of the appeals but confine our discussion to those issues we deem determinative and the contentions which we believe require comment.
 
 
 9
 The record discloses the state trial court held a full evidentiary hearing, preliminary to the trial in chief, on the issue of the voluntariness of the statement or confession complained of before it ruled it admissible. The reason for its ruling is expressly set forth. It found the confession to have been voluntary. The issues of credibility presented by the conflicts between the testimony of the petitioner and that of other witnesses were implicitly resolved in the conclusion the court reached and affirmatively expressed. The uncertainties inherent in the New York procedure condemned in Jackson v. Denno, 84 S.Ct. 1774, are not presented by the record here. As pointed out in Appendix A to Justice Black's opinion in Denno (84 S.Ct. 1774) Illinois follows the orthodox rule under which the judge himself solely and finally determines the voluntariness of the confession for the purpose of admissibility and in such case 'the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. Moreover, his findings upon disputed issues of fact are expressly stated or may be ascertainable from the record.' (84 S.Ct. 1774).
 
 
 10
 In view of this and the complete record which was before it, it was not mandatory that the District Court conduct an independent evidentiary hearing on the issue. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. None of the factors or circumstances which Townsend enumerates (372 U.S. p. 313, 83 S.Ct. 745) as requiring such a hearing are present. And, the record fairly supports the state factual determination.
 
 
 11
 The instruction complained of is set forth below.[3] We perceive no abridgment of any constitutional right of the petitioner in the giving of the instruction. It dealt with the weight to be accorded the confession by the jury-- not with the admissibility of the statement as evidence-- a matter theretofore resolved by the court following the hearing on the motion to suppress. The truth or falsity of the admissions contained in the statement in the light of the facts and circumstances revealed by other evidence, including testimony relating to what induced the admissions made, was properly a matter for the jury's consideration.
 
 
 12
 And the giving of the instruction affords no basis for concluding that truth or falsity was considered as an element or factor in determining the admissibility of the confession.[4] Petitioner's reliance upon Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 is therefore misplaced.
 
 
 13
 Under the Illinois statutory provision then in effect (Ill.Rev.Stat.1959, ch. 38, 801) it was provided:
 
 
 14
 'In all cases where any person, male or female, over ten years of age, shall be charged with either of the offenses of misprision of treason, murder, voluntary manslaughter, rape or kidnapping, and the case shall be tried by a jury and the jury shall find the defendant guilty, the jury shall also by its verdict fix the punishment, * * *.'
 
 
 15
 The statute further provided that where such a case was tried by the court, without a jury, or on a plea of guilty, the court was to fix the punishment, and for such purpose might, after the conviction, consider evidence offered as to aggravation and mitigation of the offense. In the case of offenses other than those enumerated the punishment was to be fixed by the court whether or not a jury trial was involved.
 
 
 16
 In support of the District Court's order adjudging petitioner's sentence to be constitutionally invalid the petitioner and amicus contend that to permit the jury to fix the punishment for an offense is a departure from the common law concept of a trial by jury and abridges the right to such a trial by jury as is recognized and required by the pertinent constitutional guarantees. This Court has held to the contrary. United States ex rel. Dukes v. Sain, 7 Cir., 297 F.2d 799, 803. Our holding in this respect is in conformity with the view expressed in Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368, 375-376, where the question is discussed in detail.
 
 
 17
 It is also urged that the statute by conditioning petitioner's exercise of his constitutional right to elect to be tried by a jury upon concomitant deprivation of the privilege of a separate post-conviction hearing on mitigation of the offense-- a privilege accorded where a jury trial on such charge is waived and also where offenses other than the five enumerated are involved-- invalidates the statute. Petitioner assails this different treatment as constituting arbitrary discrimination violative of due process and of equal protection of the laws. But, in this connection, cognizance must be taken of the fact that Illinois recognized the right of a defendant being tried by jury on a murder charge to put in evidence of a mitigating nature during the trial of the case (People v. Crump, 5 Ill.2d 251, 258, 125 N.E.2d 615, 52 A.L.R.2d 834) and precluded the prosecution from introducing evidence not admissible on the primary issue of guilt or innocence. The petitioner in the instant case was permitted to put in evidence which was mitigating in character during his trial on the murder indictment.
 
 
 18
 From our study of the matter we perceive no violation of due process or deprivation of equal protection of law either in the classification of offenses Illinois made with respect to whether the court or the jury would fix the punishment following conviction in a jury trial or in the procedure followed in the trial of the petitioner as a result of that classification. The classification was a reasonable one. People v. Dixon, 400 Ill. 449, 81 N.E.2d 257; United States ex rel. Dukes v. Sain, 7 Cir., 297 F.2d 799. And the wisdom or desirability of such selection is a matter solely for legislative determination and policy. We are of the opinion that no constitutional guarantee was violated by the classification so made. And the difference in the time for the reception of evidence in mitigation was but a natural result occasioned by an adaptation designed to preserve to the defendant in this class of offense the privilege of having such testimony heard and evidence considered by those who actually determine the punishment. Cf. In re Ernst's Petition, 3 Cir., 294 F.2d 556, 560-561. In the context of the subject matter of the classification involved neither due process nor equal protection of the laws demands absolute uniformity in the procedural device employed to afford the privilege of the introduction of evidence in mitigation-- but only that no unreasonable or capricious discrimination be made. The difference in the nature of the enumerated offenses from other crimes reasonably justified the distinction made with respect to the agency selected to fix the punishment in the individual case. And the consequence of such legislative selection presented a difference in circumstances which justified if not required the adaptation made with respect to the time of introduction of evidence in mitigation.
 
 
 19
 During the course of petitioner's trial, while the prosecution was presenting police officer testimony to rebut the petitioner's testimony relating to the circumstances surrounding his confession, the trial judge in the presence of the jury warned the prosecutor that he would not be permitted to introduce cumulative evidence. The prosecutor stated it was his understanding that under Supreme Court rulings he was required to 'put on (as a witness) everyone' who had custody of the defendant.
 
 The court then remarked:
 
 20
 'All right, the Supreme Court is not going to try this case. They may reverse me, if it gets that far, but I'm not going to permit you to put on cumulative evidence here now. * * *'
 
 
 21
 We agree with the holding of the Illinois Supreme Court (People v. Witherspoon, supra, 27 Ill.2d p. 490, 190 N.E.2d 281) that this remark by the trial judge was not prejudicial error. It was addressed to the prosecutor and the reference to appellate review was qualified by the limitation 'if it gets that far'. It was neither addressed to the jury nor did it contain the vice of the ambiguous statements made to the jury immediately preceding its formal instruction in United States v. Fiorito, 7 Cir., 300 F.2d 424, the case chiefly relied upon by petitioner. It was not a statement which served to dilute the jury's sense of responsibility for the verdict it might reach. Certainly, the incident was not of a magnitude which precipitates a question as to whether petitioner received a fair and impartial trial measured by constitutional standards.
 
 
 22
 We are not persuaded by the contentions of the petitioner and of amicus curiae relating to the issues raised, which we have discussed, and although we have considered the additional and subsidiary arguments they advance, and the authorities they cite and rely upon in connection therewith, we are of the view that none of them merit detailed discussion.
 
 
 23
 Order reversed and cause remanded with directions to dismiss amended petition.
 
 
 
 [1]
 Ill.Rev.Stat.1959, ch. 38, 801. The trial court denied Witherspoon's pre-trial motion that the jury be directed to determine only the issue of the defendant's guilt or innocence
 
 
 [2]
 The American Civil Liberties Union, Illinois Division, was granted leave to file an amicus curiae brief and has filed a brief in support of some of the contentions of the petitioner
 
 
 [3]
 'The court instructs the jury that there has been introduced in evidence what is termed in law as a confession. A confession is competent evidence and must be considered by you. However, in determining the truth or falsity of said confession, or the statement contained therein, or any part thereof, you have the right to consider whether any influence was brought to bear upon the defendant in making such confession, and in determining whether any influence was brought to bear upon him you may consider whether or not any threats were made, any force or violence used upon the defendant, which may have induced him to make such confession.'
 
 
 [4]
 Moreover, the judge who had conducted the preliminary hearing on the motion to suppress and ruled the statement admissible had died and the trial in chief was conducted and the instruction given by a different judge