**UNITED STATES of America ex rel. Floyd C. FRIERSON, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, at Joliet, Respondent-Appellee.**

No. 15231.

United States Court of Appeals
Seventh Circuit.

Dec. 20, 1965.

Howard T. Savage, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., State of Illinois, John J. O'Toole, Asst. States' Atty., Chicago, Ill., for appellee, Richard A. Michael, Asst. Atty. Gen., of counsel.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Floyd C. Frierson, the petitioner, was convicted in the Criminal Court of Cook County, Illinois, on an indictment charging him with the unlawful possession of a narcotic drug. He was sentenced to imprisonment for a period of not less than two years nor more than six years. At his State court trial the narcotic drug, heroin, was admitted in evidence against the petitioner following a preliminary hearing by the trial court on petitioner's

motion to suppress on the grounds the exhibit was obtained by means of unlawful entry, search and seizure. Subsequent to his conviction, petitioner filed a post conviction review petition [1] in the State court alleging, among other things, that the trial upon which his conviction is predicated violated his Fourteenth and Fourth Amendments rights to due process of law, equal protection of the laws, and security from unreasonable search and seizure. The post conviction petition was denied and the Illinois Supreme Court denied writ of error to review that determination.

The instant appeal has its origin in the District Court's dismissal of petitioner's amended petition for a writ of habeas corpus. An earlier petition filed by the petitioner was dismissed by the District Court on the basis that the entry complained of, and the arrest of the petitioner, were made on the basis of and pursuant to an arrest warrant and that the search and seizure were incident to a valid arrest of the petitioner. Pursuant to leave granted, the amended petition was thereafter filed. It added allegations attacking the legal sufficiency of the instrument relied upon as the warrant issued for the arrest of the petitioner on a charge of assault in violation of a municipal ordinance. A copy of the instrument, attached to petitioner's amended petition as an exhibit, discloses that neither the seal of the municipal court nor the signature of the clerk or his deputy is affixed to the warrant at the place provided therefor immediately following the text of the body of the instrument. The name of the clerk of the court is endorsed upon the reverse side of the printed form.

The validity of the warrant upon which the petitioner was arrested on the occa-sion of the contemporaneous seizure of the heroin in his apartment, the premises of the arrest, was not challenged in any of the State court proceedings. The respondent, through the Attorney General of Illinois, points out that the petitioner is afforded two remedies by which he could present the issue he now raises to the courts of the State of Illinois—review of the original conviction by the Illinois Supreme Court [2] or a petition for habeas corpus to either the Illinois Supreme Court or the Circuit Court of Cook County.

We are therefore of the view that under the circumstances here presented the District Court should have refrained from exercising jurisdiction on the amended petition pending the presentment and disposition of petitioner's newly claimed ground for relief in the State courts. Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837; United States ex rel. Calhoun v. Pate, 7 Cir., 341 F.2d 885. Cf. United States ex rel. Witherspoon v. Ogilvie, 7 Cir., 337 F. 2d 427, 428. Moreover, as bearing on the inappropriateness of the exercise of federal habeas corpus jurisdiction in the instant matter it is pointed out that the issues newly tendered—the sufficiency of the warrant on its face [3] to authorize a valid arrest thereunder and the related issue of the manner of entry in the execution of the warrant—are matters which are peculiarly dependent upon State law. Cf. Ker. v. State of California, 374 U.S. 23, 37–41, 83 S.Ct. 1623, 10 L.Ed.2d 726. No federal constitutional provision is determinative of the formal indicia which is to appear on the face of a State arrest warrant to evidence its official character and issuance.

---

1. The petition was filed pursuant to the Illinois Post Conviction Hearing Act, Ill. Rev.Stat.1963, ch. 38, pars. 826 to 832, inclusive.

2. The Attorney General of Illinois advises that on the basis of People v. Shockey, 30 Ill.2d 147, 195 N.E.2d 703, the lapse of time due to petitioner's failure to proceed earlier is not an element which would bar review by the Illinois Supreme Court. But the availability of this remedy would appear to be contingent upon whether the arrest warrant appears in the State trial court record.

3. No issue is tendered concerning the sufficiency of the complaint upon which the order for the issuance of the warrant was based.

The District Court's action in dismissing the amended petition may well be sustained solely on the basis of the doctrine of abstention codified in the provisions of 28 U.S.C.A. § 2254 which make the exhaustion of available State court remedies a factor in the determination of the appropriateness for the exercise of federal habeas corpus jurisdiction on the application of a person in custody pursuant to a State court judgment. We elect to affirm on this basis.

■ In so affirming we do not intimate that the District Court erred in dismissing the amended petition on its merits. In this connection the following considerations are relevant. The State trial court held a full evidentiary hearing, preliminary to the trial in chief, on the issue of the admissibility of the exhibits seized at the time of the petitioner's arrest. The sole witness to testify was the Chicago police officer who made the arrest. The record of that hearing was before the District Court. And the allegations of the amended petition with respect to the claimed insufficiency of the instrument relied upon to constitute a valid arrest warrant, and the averments concerning the officer's entry, the arrest, and the seizure raise no material factual issues as to any of these matters. In view of this it was not mandatory for the District Court to conduct an independent evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; United States ex rel. Witherspoon v. Ogilvie, 7 Cir., 337 F.2d 427, 428. None of the factors or circumstances which Townsend enumerates (372 U.S. p. 313, 83 S.Ct. 745) as requiring such a hearing are here present in so far as a determination of the issue of whether the record discloses a reasonable search and seizure incident to an arrest under a warrant is concerned.[4]

■ The omission of the seal and of the signature of the clerk or his deputy from the space provided therefor following the text of the body of the warrant did not in our opinion serve to invalidate the instrument as a warrant or invalidate the arrest made thereunder. A pertinent Illinois statute (Ill.Rev.Stat.1961, ch. 38, par. 678) then provided that "any informality in the [arrest] warrant", such as omission of the seal of the judge or justice, was subject to being corrected or supplied by amendment at any time pending the proceedings pursuant thereto and that the prisoner "shall not in any case be discharged" on account of any informality in the warrant. We conclude that neither the entry nor the arrest which followed was unlawful because of the omissions of the seal and the signature from the face of the warrant.

■ The amended petition and the record before the District Court disclose that the police officer who made the arrest had been informed by the alleged assault victim, who had signed the complaint upon which the warrant for petitioner's arrest was ordered to issue, that the petitioner had purchased a gun the day before; the officer was aware of petitioner's arrest two weeks earlier by "narcotics officers"; he was familiar with paraphernalia used in the narcotics trade; he believed there was danger involved, secured the assistance of other officers who accompanied him, and obtained entry to petitioner's apartment by means of a "pass key" he procured from the landlord of the building; immediately upon entering the apartment he placed the petitioner under arrest; the brown paper envelope containing a white powder, the spoons, and the package labeled "Milk Sugar" (a combination constituting recognized paraphernalia of the narcotics trade) which were seized were in

4. Inasmuch as we do not rest affirmance on the respondent's contention that, assuming invalidity of the arrest warrant, the entry and arrest were, nevertheless, lawful because of the existence of "probable cause", we do not consider, and express no opinion, as to whether an independent evidentiary hearing would have been required for a proper adjudication of that issue. And it becomes unnecessary to evaluate petitioner's reliance upon Giordenello v. United States, 357 U.S. 480, 487–488, 78 S.Ct. 1245, 2 L.Ed.2d 1503, as precluding affirmance on the basis of the existence of "probable cause".

plain view on a shelf; when the officer placed the items in a bag, after the white powder was first subjected to a "field test", the petitioner seized the bag and attempted to flush the contents down the toilet; the items retrieved were retained for use as evidence against the petitioner; and the white powder upon test was identified as heroin.

We perceive no violation of petitioner's constitutional right against subjection to unreasonable search and seizure in the circumstances above detailed. The mode of entry was justified in the circumstances presented; the informalities of the warrant did not serve to invalidate either the entry or the arrest made thereunder; and the seizure involved recognized narcotics trade paraphernalia in plain view. The seizure involved no unrelated exploratory search of the premises, and it was incident to a validly effected arrest made under a warrant. Abel v. United States, 362 U.S. 217, 238, 80 S.Ct. 683, 4 L.Ed.2d 668.

The judgment order of the District Court is affirmed.

Affirmed.