Erwin Homer SCEARCE, Petitioner,

v.

H. V. FIELD, Superintendent,
Respondent.

No. 68–39.

United States District Court
C. D. California.

Oct. 21, 1968.

Erwin Homer Scearce, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., and Arthur B. Rosenfeld, Deputy Atty. Gen., for respondent.

HAUK, District Judge.

Petitioner, presently incarcerated in the California Men's Colony, West Facility, Los Padres, California here seeks a writ of habeas corpus to set aside his conviction in the State Court. Based upon the instant petition submitted, petitioner alleges the following: (1) the tire iron entered into evidence at his trial and constituting the main support of his conviction, was the product of an illegal search and seizure; (2) he was arraigned in Municipal Court and held 15 days before a reason for his arrest was established, during which time he was not represented by counsel; (3) he was denied due process in that his counsel was inadequate; and (4) he was denied due process since at the time of his prior convictions he had not, in fact, been represented by counsel, nor had he competently waived this right.

### FACTS AND PROCEEDINGS CONCLUSIVELY SHOWN BY FILES AND RECORDS

Erwin Homer Scearce was accused in the information of attempted burglary by wilfully and unlawfully attempting to enter Johnnie's Tavern located at 4610 East Kings Canyon Road in Fresno, California, with intent to commit theft therein, and with eight prior convictions

for which he served terms of imprisonment: to wit, perjury, attempted burglary, assault with a deadly weapon, violation of the Mann Act, escape, and three burglaries. The petitioner entered a plea of not guilty to the current charge, but admitted the eight prior convictions.

At petitioner's jury trial the proof developed that at about 4:10 to 4:15 o'clock in the afternoon of June 21, 1965, a service station attendant named James Parker, working at the southeast corner of Kings Canyon Road and Maple Avenue in Fresno, noticed a blue and white Oldsmobile parked between the alley and Johnnie's Tavern next door to him. The car was facing west; the tavern was closed as was customary on Monday. The defendant was sitting on the passenger's side of the automobile and was then the only occupant; because of the shape of the building, the back door of the tavern was hidden from the view of the service station attendant. Defendant was looking around and for a while seemed to be arranging the contents in the rear of the car as he leaned over toward the back seat.

In a few minutes the burglar alarm at the tavern went off, and the defendant's automobile immediately afterwards pulled out, moving at a speed of approximately 5–10 mph, into the alley going west; as the vehicle passed the service station, the passenger looked squarely at Mr. Parker who got a good view of him; when the car stopped at the alley entrance to Maple Avenue, Parker wrote down the license number and then gave it to his employer, who in turn called the sheriff's office. Frank Hoak, a deputy sheriff, arrived while the burglar alarm was still ringing; he found that the back door of the tavern had been forced open, and there were marks demonstrating the force used at the lock and on the door jamb where he found concave impressions which appeared to have been made by a round-shanked object. There were also tire tracks in the dirt behind the tavern.

Some five hours later, the same deputy sheriff identified the blue and white Oldsmobile, with the reported license number, parked at another service station in a different part of Fresno; two people were in the car; Deputy Hoak radioed for help, and, in response, other peace officers arrived. As the automobile left the station it was followed and stopped. One of the occupants was identified as the defendant who had been seen earlier by Parker.

The Oldsmobile was registered in the name of the defendant, Erwin Homer Scearce, and it was driven by one Eunice Tom Mills. A suitcase and clothing were scattered about the back seat and there was a tire iron lying in full view on the front seat of the car between the two men. Deputy Hoak testified that he saw reddish-brown paint on the iron bar at the time he first saw it in the car, and that it was the same color as the paint at the doorway area of Johnnie's Tavern. It was later determined by the chief criminologist of the Fresno County sheriff's office by comparison of the marks on the door and on the metal bar that the tire iron had been used to pry open the back door of the tavern. It was also testified at the trial that the tire tracks in the dirt behind the tavern matched the tires on the automobile.

The legal proceedings against the petitioner, which culminated in his conviction and in his petition to this Court, are listed chronologically as follows:

(a) June 21, 1965:—at approximately 9:10 p. m., petitioner was arrested for a violation of California Penal Code section 664, attempted burglary.

(b) June 24, 1965:—a complaint was filed in Municipal Court, Fresno Judicial District, County of Fresno, State of California.

(c) June 25, 1965:—petitioner was in court again where he was informed of the charges against him and of his constitutional rights. The court, having determined that petitioner was an indigent, appointed counsel to represent him. The court then scheduled the preliminary hearing for July 6, 1965, and a copy of the complaint was given to petitioner.

(d) July 6, 1965:—petitioner's preliminary hearing was held with counsel present. Petitioner moved to have the case dismissed on the basis of insufficient evidence. The motion was denied and petitioner was held to answer.

(e) July 20, 1965:—in an information, petitioner was charged with the crime of attempted burglary. In addition, the information alleged that petitioner had suffered eight prior felony convictions for which he had served terms of imprisonment in state or federal penitentiaries, to wit: (1) perjury; (2) attempted burglary; (3) assault with a deadly weapon; (4) Mann Act violation; (5) escape; (6) burglary; (7) burglary; and (8) burglary.

(f) July 26, 1965:—petitioner appeared for arraignment with his appointed counsel, and entered a plea of "not guilty" to the crime of attempted burglary charged in the information, and admitted the eight prior felony convictions alleged therein.

(g) September 16, 1965:—the case came on regularly for trial by jury, and at the conclusion of the trial on September 16, 1965, the jury rendered its verdict, finding petitioner guilty of attempted burglary. The jury was polled and each juror affirmed his verdict. The matter was referred to the probation officer.

(h) September 27, 1965:—the court denied probation and sentenced petitioner to imprisonment for the term prescribed by law; the sentence to run concurrently with any other sentence then being served.

(i) October 1, 1965:—petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. He alleged in this appeal that the evidence was insufficient to support the conviction, and that there was insufficient foundation for certain evidence. The judgment was affirmed by the Court of Appeal. Subsequently, petitioner filed petitions for writs of habeas corpus in the California Superior Court for the County of San Luis Obispo, in the California Court of Appeal, Second Appellate District and in the California Supreme Court. All of the above petitions were denied.

## PETITIONER'S FIRST CONTENTION

Petitioner contends that at the time of his arrest no arrest warrant had been issued, nor was there probable cause for such arrest. Petitioner alleges that since his arrest was invalid, the tire iron removed from his automobile and entered into evidence was the product of an illegal search and seizure.

This Court finds that a warrant was not required for petitioner's arrest. Section 836 of the California Penal Code provides that a peace officer may arrest a person without a warrant "whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed." The United States Supreme Court has said that reasonable cause to arrest without a warrant exists where the facts and circumstances within the police officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in the belief that a crime has been committed. Ker v. State of California, 374 U.S. 23, 34–35, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); People v. Cockrell, 63 Cal.2d 659, 665, 47 Cal.Rptr. 788, 408 P.2d 116 (1965) cert. denied, Cockrell v. Calif., 389 U.S. 1006, 88 S.Ct. 568, 19 L.Ed.2d 604 (1968). And a search made in connection with a valid arrest is lawful. United States v. Rabinowitz, 339 U.S. 56, 61–62, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

In the present case the officers had reasonable cause to arrest petitioner. Deputy Hoak had the license number and description of the car which had been parked behind Johnnie's Tavern just before the burglar alarm sounded, and at the time of arrest petitioner was sitting in a car of the same description

and bearing the same license number. Thus, even if the recovery of the tire iron was the product of a "search", the search was valid as incidental to a lawful arrest.

It would appear from the evidence, however, that no search of the car was necessary to produce the tire iron—it was lying on the front seat between petitioner and Mills. Where the evidence is openly visible no objection on the ground that it was obtained by unreasonable search and seizure is available. Gilbert v. United States, 366 F.2d 923, 932 (9th Cir. 1966), cert. denied, 384 U.S. 985, 86 S.Ct. 1902, 16 L.Ed.2d 1003 (1966); Wilson v. Porter, 361 F.2d 412, 416 (9th Cir. 1966); United States ex rel. Frierson v. Pate, 354 F.2d 588, 591 (7th Cir. 1965). Petitioner, however, contends that Deputy Hoak and Deputy Henson were inconsistent in their statements as to where the tire iron was found; and he cites Deputy Hoak's statement that the tire iron was found on the floorboards on the right front side of the vehicle. (Rep.Tr., July 6, 1965, p. 23, ll. 3–4). Irrespective of this discrepancy, if the tire iron was found on the floorboard it still was in full view. It is a well-established rule that officers, once having stopped a person for questioning, may observe other circumstances which give them probable cause for the person's arrest and the seizure of evidence. People v. Mosco, 214 Cal.App.2d 581, 586, 29 Cal.Rptr. 644 (1963) (a marihuana cigarette protruding from under a floor mat).

## PETITIONER'S SECOND CONTENTION

Petitioner contends that he was denied due process of law, in that he was held 15 days after arraignment and without benefit of counsel before the reason for his arrest was determined. If, *arguendo*, petitioner was illegally held, the law is well settled that illegal acts of public officials or illegal detentions before trial are relevant only as they bear on petitioner's contention that he has been deprived of a fair trial, *i. e.*, where he has been coerced into a confession which has been used against him at his trial, or where evidence used against him at his trial was obtained during a period of illegal detention. Stroble v. State of California, 343 U.S. 181, 197, 72 S.Ct. 599, 96 L.Ed. 872 (1952); Gilmore v. People of State of California, 364 F.2d 916, 918 (9th Cir. 1966); Delano v. Crouse, 327 F.2d 693 (10th Cir. 1964); cert. denied, 377 U.S. 1004, 84 S.Ct. 1941, 12 L.Ed.2d 1053 (1964); cf., Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). In *Stroble*, supra, the Supreme Court found that failure to take defendant before a magistrate promptly did not coerce a confession, nor deprive defendant of a fair trial; and further that such a failure cannot, *per se*, deprive a defendant of due process of law. In this case, petitioner has made no clear showing that his alleged illegal detention has in any way resulted in his receiving an unfair trial. In fact, no confession was used against him, nor was there used at the trial any evidence which was obtained while petitioner was allegedly illegally held.

In any event, this Court finds that petitioner was not held for 15 days after his arraignment without being apprised of the charges against him, and without the services of an attorney. The Municipal Court record clearly indicates that petitioner's detention was based upon a complaint filed by Glen Hunt on June 24, 1965, less than three days after petitioner was arrested. Further, at the arraignment on June 25, 1965, petitioner was handed a copy of this complaint; and the Court, finding that petitioner was unable to afford private counsel, immediately appointed counsel in his behalf.

## PETITIONER'S THIRD CONTENTION

Petitioner contends that his trial counsel was incompetent in that he failed to object to the introduction of allegedly illegally seized evidence, and failed to make a motion to set aside the informa-

tion pursuant to California Penal Code, section 995.

 This Court finds that petitioner has not sustained the burden of proving that as a matter of "demonstrable reality" his trial counsel was incompetent. The general rule on this point is stated as follows:

"To justify relief on the ground of constitutionally inadequate representation of counsel 'an extreme case must be disclosed' [Citations]. It must appear that counsel's lack of diligence or competence reduced the trial to a 'farce or a sham'. * * * Defendant has the burden, moreover, of establishing his allegation of inadequate representation, 'not as a matter of speculation but as a demonstrable reality. * * *'" People v. Reeves, 64 Cal.2d 766, 774, 51 Cal.Rptr. 691, 695, 415 P.2d 35, 39, (1966), cert. denied, 385 U.S. 952, 87 S.Ct. 332, 17 L.Ed.2d 229 (1966); accord, People v. Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963).

 A prisoner is entitled to effective representation. However, the fact that something which might have been done was not done is not enough to warrant overturning a conviction by means of habeas corpus. Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863, 87 S.Ct. 119, 17 L.Ed.2d 90 (1966).

In the instant case, the fact that petitioner's counsel did not object to the introduction of evidence or move to set aside the information did not reduce the trial to a farce or sham. The motions, which petitioner contends should have been made, related to trial strategy or tactics, and therefore involved elements of discretion and judgment on which skilled and experienced advocates might honestly disagree. United States ex rel. Robinson v. Pate, 312 F.2d 161, 162 (7th Cir. 1963), cert. denied, 373 U.S. 943, 83 S.Ct. 1553, 10 L.Ed.2d 698 (1963). It is reasonable to conclude that petitioner's counsel, faced with the facts before him, decided that there were no practical grounds on which to attack the introduction of the evidence or the validity of the information. Merely because the law permits counsel to make such motions does not mean that he must do so in all cases. As a competent attorney, he should exercise his discretion based on the facts available to him. Petitioner has not alleged facts sufficient to indicate an abuse of that discretion.

## PETITIONER'S FOURTH CONTENTION

Petitioner contends that he was not represented by counsel, nor competently waived counsel at the proceedings resulting in his prior convictions. He alleges that the trial court should have inquired into the validity of these prior proceedings.

 Petitioner admitted the existence of the prior convictions at his trial, while represented by counsel. He raised no issue of denial of his constitutional rights at that time. A trial court is not required to look into the constitutionality of prior convictions on its own motion. The burden of initiating an inquiry into the constitutionality of prior convictions rests on the party challenging such convictions. People v. Williams 67 Cal.2d 226, 232, 60 Cal.Rptr. 472, 430 P.2d 30 (1967).

 A petitioner seeking a writ of habeas corpus in the federal courts can be granted relief only if the exact issue, currently presented, was raised in the state courts. The state courts should first be given the opportunity to pass upon the issues in the present form. Schiers v. People of State of California, 9 Cir., 333 F.2d 173, 175 (1964). A failure to give the state court this opportunity compels the conclusion that state remedies have not been exhausted. As stated in *Schiers* at p. 175:

"Title 28 U.S.C. § 2254 provides that a state prisoner's application for habeas corpus 'shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *.' This requires that 'constitutional is-

sues arising out of state criminal prosecutions should be presented first to state courts.' "

A diligent search through the trial transcript, through "Appellant's Opening Brief" in the California Court of Appeal, and through the various petitions for writs of habeas corpus has failed to uncover any instance in which petitioner has raised this issue. It follows that his contention should be dismissed.

From our analysis of petitioner's four contentions, it is clear that there are no grounds or reasons of any kind set forth or shown to support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is, denied.