10   435
92   638

## The State of Iowa v. Foster.

1. WRIT OF ATTACHMENT. A writ of attachment issued by a justice of the peace in an action within the jurisdiction of such justice, is not void; neither is an officer executing such writ a trespasser though it does not show *prima facie* that it was issued upon a sufficient affidavit.
2. SAME. That a writ of attachment was issued by a justice of the peace upon an insufficient affidavit, does not constitute a valid defense to an indictment for resisting the execution of it, when it is not shown that the justice who issued the same had no jurisdiction of the main action to which it was auxiliary.

*Appeal from Henry District Court.*

TUESDAY, JUNE 9.

THE defendant was indicted for resisting a constable in the execution of a writ of attachment issued by a justice of

the peace. The defendant demurred to the indictment on the ground that the writ under which the officer was acting, and the execution of which the defendant resisted, did not upon its face show any of the statutory causes for issuing the same. The demurrer was overruled, and defendant pleaded not guilty. The jury returned a verdict of guilty and defendant appeals.

*Warrick & Drayer* and *Marsh & Craig* for the appellants. If a writ is issued by a court of limited jurisdiction, it must appear that the court in issuing it acted within the scope of its authority. Whart. Cr L. 554; 3 Gill. 356. A writ of attachment must show *prima facie* a compliance with the provisions of the statute to authorize the justice to issue it. 4. G. Greene 553.

*S. A. Rice*, Attorney General, for the State.

LOWE, C. J.—The defendant was indicted for resisting an officer in executing a writ of attachment.

The affidavit upon which the attachment was sued out was perhaps technically but not substantially defective. On motion it could have been corrected without prejudice to the defendant in the attachment, and would not have been any sufficient reason for abating the same. Yet this is relied upon as showing a want of jurisdiction to issue the attachment, and there being no jurisdiction, the writ in the hands of the officer was void, and being void the defendant in this prosecution was justified in resisting the officer.

The demurrer to the indictment which was overruled, and the instructions of the defendant which the court refused to give, were in the main founded upon the idea that the writ of attachment was void in the hands of the constable on account of a technical defect in the affidavit. The mistake in all this consists in not taking the proper distinction between a void process, (to execute which would of course make the officer a trespasser,) and a process over which a magistrate has jurisdiction, but in exercising which he does not in

all particulars follow the requirements of the law.   In such a case it is not competent for the officer to determine the validity of the proceeding, nor would he be held inexcusable . if he refused under such circumstances to execute the writ. The Code provides that the party suing out the attachment process shall not be prejudiced for any defect which the affidavit or bond may contain, provided such defect be rectified within a reasonable time after the same is discovered.   It does not follow, therefore, that an officer having a writ of this description to execute, may refuse to do so, or has no power or authority to do so because the affidavit was defective in some particular.   A legal fallacy underlies all the objections taken to the proceedings below by the defendant, and the case must therefore be affirmed.

Judgment affirmed.