## Andrew Meador v. The State.

### No. 2561.   Decided February 11, 1903.

**1.—Resisting Officer Executing Sequestration Writ—Evidence.**

On a trial for resisting an officer attempting to execute a writ of seques-tration issued from a court of competent authority, it was not necessary to introduce in evidence a valid affidavit upon which the writ was based.

**2.—Same.**

A writ of sequestration issued by a court of competent jurisdiction, and valid upon its face, is not vitiated because the reasons upon which it was based are stated in the alternative.

**3.—Same.**

Process issued from a court of competent jurisdiction, and fair upon its face, will protect the officer executing it; and he is not concerned with any illegalities that may be back of it.

Appeal from the County Court of Johnson.   Tried below before Hon. W. D. McKoy, County Judge.

Appeal from a conviction of resisting an officer in the execution of a writ of sequestration; penalty, a fine of $1.

The case is sufficiently stated in the opinion.

No briefs for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was prosecuted upon an information and complaint for resisting an officer, and his punishment assessed at a fine of $1.

The first bill of exceptions complains that the State offered in evi-dence a writ of sequestration, which is as follows, to wit: "The State of Texas.   Justice Precinct No. 5.   To the Sheriff or any Constable of Johnson County, Greeting:   Whereas, S. S. Ramsey has made affidavit that Andrew Meador unlawfully detains from him one red and white cow with horns, value $10.   One red and white cow without horns, value $10.   One black yearling, value $5.   Total value $25 of the value of twenty-five & no-100 dollars, to the possession of which he has a good and lawful right, and for the recovery of which he has brought

suit; that he fears that defendant Andrew Meador will remove the same out of the county or will dispose of the same during the pendency of this suit. These are to command you that you take into possession the above described property if to be found in your county, and keep the same subject to further orders in said suit, unless replevied according to law. Herein fail not, and due return make of this writ, and certify how you have executed the same. This 31st day of March, A. D. 1902. T. S. Wade, Justice of the Peace, Johnson County, Texas." To the introduction of. which appellant objected, for the reason that to prove a valid writ of sequestration the State must first prove a valid affidavit for the same, and no affidavit has been offered in evidence; and for the further reason that the writ showed on its face that the grounds upon which the writ was issued and the reasons for issuing the same, if the writ recited the facts, were in the alternative and vitiated the writ, and the writ in a civil proceeding would be invalid and held for naught; and was therefore not a valid writ or process. The court overruled all of these objections. All of the questions raised by this bill of exceptions were passed upon and discussed in Witherspoon v. State, 42 Texas Crim. Rep., 532, 2 Texas Ct. Rep., 21. In that case we held that a writ of sequestration being simply voidable on its face, there was no error in excluding the bond and affidavit which were the basis of the writ. Process issued from a court of competent jurisdiction will protect an officer, where the same is fair on its face. By this is not meant that it shall appear to be perfectly regular in all respects and in accord with proper practice and after the most approved forms, but what is intended is that it shall appear to be process lawfully issued and such as the official might lawfully serve. That process may be said to be fair on its face which proceeds from a court, magistrate, or body having the authority of law to issue process of that nature, and which is in legal form, and on its face contains nothing to notify or apprise the official that it is issued without authority. When such appears to be the process, the officer is protected in making the service, and he is not concerned with any illegalities that may exist back of it. It follows, therefore, that the court did not err in admitting the writ of sequestration in this case.

Appellant also contends that the court erred in holding that the writ of sequestration offered in evidence was a valid process. We do not think there was any error in this ruling. The evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*