3 Cal.Rptr. 925]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4287.   Mar. 28, 1960.]

THE PEOPLE, Respondent, v. AURORA VARGAS, Appellant.

Phil Silver for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Philip E.
Grey, Assistant City Attorney, and William E. Doran, Deputy
City Attorney, for Respondent.

SWAIN, P. J.—The defendant was convicted of three counts
of battery, the victims of which were three deputy sheriffs, a
different victim being named in each count. She was also
convicted of disturbing the peace. The unpleasantness arose
when the officers served a writ of possession in a civil action
upon our defendant. She resisted the enforcement of the writ
by kicking, striking or biting each of the officers. In a fourth
count she was convicted of disturbing the peace by the same
misconduct which constituted the battery.

Penal Code, section 654, provides: "An act or omis-

sion which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ." The judgment on count IV (disturbing the peace) must be reversed by reason of this section, battery being a graver offense, on the basis of possible punishment, than disturbing the peace.

We have considered and found without merit all of the grounds urged by appellant for reversing the judgment on the battery counts. This court, by express provision of Judicial Council Appellate Department rule 6, is not required to write an opinion in any case, but we will discuss one point raised by the appellant, to wit, the claim that the defendant was entitled to resist the service of the writ because it was based on a void judgment. ▆▆ We do not know whether the judgment was void but we do know that the writ, a copy of which is in evidence, is valid on its face. This was sufficient to protect the officers who served it. ▆▆ In *Vallindras* v. *Massachusetts etc. Ins. Co.* (1954), 42 Cal.2d 149 [265 P.2d 907], the court said at page 154: "The validity of a judgment of commitment, where the question is a close one, as is true here, is ultimately for the courts, not the sheriff, to decide. ▆▆ A sheriff is a ministerial or executive, not a judicial, officer [citing cases.] ▆▆ It is his duty to execute the orders of the court unless they are patently irregular and void. ▆▆ In determining whether process and orders are 'regular on their face' so far as the liability of such an officer is concerned, the following statement from *Aetna Ins. Co.* v. *Blumenthal* (1943), 129 Conn. 545, 553 [29 A.2d 751, 754] is pertinent: 'When we speak of process "valid on its face," in considering whether it is sufficient to protect an officer, we do not mean that its validity is to be determined upon the basis of scrutiny by a trained legal mind; nor is it to be judged in the light of facts outside its provisions which the officer may know. [Citations.] Unless there is a clear absence of jurisdiction on the part of the court or magistrate issuing the process, it is sufficient if upon its face it appears to be valid in the judgment of an ordinarily intelligent and informed layman. To hold otherwise would mean that an officer must often act at his peril or delay until he has had an opportunity to search out legal niceties of procedure and, as said in *Anderson* v. *Dewey* [(1917), 91 Conn. 510, 514 [100 A. 99]]. . . ., "A result subjecting him to constant danger of liability would be an intolerable hardship to him, and inevitably detract from

the prompt and efficient performance of his public duty.' '
■ As was pointed out in *Robinette* v. *Price* (1943), 214 Minn. 521 [8 N.W.2d 800, 805, 806], 'All that is required to make process fair on its face is that it must proceed from a court having jurisdiction of the subject matter and that it contain nothing which ought reasonably to apprise the officer that it was issued without authority. [Citations.] . . .' "

■ Appellant seeks to distinguish that case on the ground that it is a civil action for damages and ours is a criminal action, but there is no reason why an officer who serves a writ of possession valid on its face does not have protection from physical violence as well as from civil liability for serving the process.

Appellant cites numerous cases which hold that a person has a right to resist an unlawful arrest. Those cases are based on an arrest or an attempted arrest without a warrant under conditions where the law does not authorize an arrest without the warrant. Examples of those cases are *Jackson* v. *Superior Court* (1950), 98 Cal.App.2d 183 [219 P.2d 879]; *People* v. *Perry* (1947), 79 Cal.App.2d Supp. 906 [180 P.2d 465]; *Sarafini* v. *City & County of San Francisco* (1956), 143 Cal. App.2d 570 [300 P.2d 44].

We hold that when an officer is armed with a writ of possession lawful on its face a person who resists the officer seeking to execute it is guilty of a crime. The courtroom in the civil action, not the place where the writ is served, is the proper battleground for testing the validity of the court order.

The judgment on counts I, II and III is affirmed. The judgment on count IV is reversed.

Huls, J., and Smith, J., concurred.