STATE OF IOWA, appellee, v. JAMES STODOLA, appellant.

No. 51628.

(Reported in 134 N.W.2d 920)

Thomas L. Woods, of Cedar Rapids, for appellant.

Lawrence F. Scalise, Attorney General, and Don R. Bennett, Assistant Attorney General, for appellee.

GARFIELD, C. J.—Defendant was charged by county attorney's information, tried by the court and found guilty of the crime of injuring or tampering with a vehicle, to wit an automobile, in violation of section 321.78, Code, 1962. From the judgment, as provided by section 321.482, sentencing him to the county jail for 30 days, suspended until further order of the court, defendant has appealed. He challenges the sufficiency of the evidence that he acted willfully and without consent of the owner.

Section 321.78, in pertinent part, provides: "Any person who * * * willfully injures or tampers with any vehicle * * * without the consent of the owner is guilty of a misdemeanor punishable as provided in section 321.482."

We find sufficient evidence the statute was violated.

I. William Kindred, the complaining witness, uncle of defendant's wife, testified he drove his automobile past defendant's farm when the latter was mowing weeds in the roadside ditch, defendant jumped off his mowing machine, picked up a handful of rocks, threw them at the car as hard as he could, the rocks struck and damaged the car, making a hole in the windshield. Kindred stopped his car and defendant ran toward it, wanting to fight.

Deputy Sheriff Robert Burt testified he was riding with Kindred at the latter's request because he feared he would be "run off the road" by defendant. Burt was lying in the back seat

when there was a splash of rocks on the car, at Burt's direction Kindred stopped his car, defendant approached with his arm drawn back, "he was saying plenty." Photographs of the car showing the hole in the windshield were received in evidence.

Mrs. Kindred testified she observed the hole in the windshield when her husband, with Officer Burt, returned home the evening of the occurrence and no hole was there previously.

Defendant admitted Kindred drove past his farm while the former was mowing weeds at the side of the road, Kindred stopped his car and defendant went toward it. He denied throwing rocks at the car and injury to it. His version of what happened is that if rocks struck the automobile they were thrown by the mower, not by him. To illustrate the throwing capacity of the mower he said if it struck a beer can in the ditch the can would be thrown two or three hundred feet.

Defendant's wife testified she was in the front yard, 40 or 50 rods from where her husband was mowing, and he did not get off the mower until Kindred's car stopped.

It is evident the trial court believed the State's version of the occurrence.

II. Defendant moved for a dismissal, the equivalent of a motion for directed verdict if the trial were to a jury, at the close of the State's evidence. Any error in overruling the motion was waived by failure to renew it at the close of all the evidence. Ver Steegh v. Flaugh, 251 Iowa 1011, 1020, 103 N.W.2d 718, 724, and citations.

Nevertheless we will not let a finding of guilt stand where there is an absence of proof of any essential element of the crime charged. State v. Myers, 253 Iowa 271, 274, 111 N.W. 2d 660, 662. A conviction notwithstanding such absence of proof amounts to denial of a fair trial. State v. Poffenbarger, 247 Iowa 552, 554, 74 N.W.2d 585, 586, and citations.

The rules governing our consideration of a claim of insufficient evidence to support a conviction need hardly be stated. Of course the evidence is to be viewed in the light most favorable to the State. It is the fact-finder's function (usually the jury's), not ours, to decide disputed fact questions. Its finding of guilt is binding upon us unless we are satisfied it is with-

out substantial support in the evidence or is clearly against the weight thereof. State v. Poffenbarger, supra, and citations; State v. Harless, 249 Iowa 530, 531, 532, 86 N.W.2d 210, 211; State v. Frink, 255 Iowa 59, 63, 64, 120 N.W.2d 432, 435.

■ ■ III. The term "willfully" as used in a criminal statute of the kind involved here is defined in Parker v. Parker, 102 Iowa 500, 505, 506, 71 N.W. 421, 422, approved in Huston v. Huston, 255 Iowa 543, 548, 549, 122 N.W.2d 892, 896, as intentionally or deliberately done, with a bad or evil purpose, as in violation of law, or wantonly and in disregard of the rights of others, or knowingly and of stubborn purpose, or contrary to a known duty, or without authority, and careless whether he have the right or not. It seems apparent that if the State's evidence is believed the finding defendant acted willfully has substantial support.

■ IV. The argument that it does not appear defendant acted without the consent of Kindred is based on the fact the latter feared trouble of some kind from defendant and requested the deputy sheriff to ride in the car with him. Certainly the fact finder was not compelled, from this circumstance, to find Kindred consented to injury to his vehicle. He had a right to drive on the public highway and his foresight in asking an officer to accompany him did not amount to consent to what the court could, and evidently did, find was done by defendant.

■ "One who knows of a crime contemplated against him may remain silent and permit matters to go on, for the purpose of apprehending the criminal, without being held to have assented to the act" (citations). State v. Abley, 109 Iowa 61, 64, 80 N.W. 225, 46 L. R. A. 862, 77 Am. St. Rep. 520. See also annotation, 18 A. L. R. 146, 149–151. This rule goes further than we go here in disagreeing with this claim of error.— Affirmed.

All JUSTICES concur except HAYS, J., not sitting.