STATE OF IOWA, appellee, v. DONALD EUGENE MABBITT, appellant.

No. 51553.

(Reported in 135 N.W. 2d 525)

JUNE 8, 1965.

Richard C. King, of Council Bluffs, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Frederick Kraschel, of Council Bluffs, County Attorney, for appellee.

MOORE, J.—March 13, 1964, defendant, Donald Eugene Mabbitt, was indicted by the Pottawattamie County grand jury for the crime of breaking and entering the El Patio Cafe in Council Bluffs in violation of section 708.8, Code, 1962, to which he entered a plea of not guilty. On trial to a jury commencing March 25 he was found guilty. April 3, 1964, he was sentenced to imprisonment in the Iowa State Penitentiary at Fort Madison for a period not to exceed ten years. From this judgment and sentence defendant appeals.

Defendant states and argues two propositions for reversal: (1) mere presence with another at the time of the commission of an offense will not render a person guilty and (2) defendant is entitled to the advice and assistance of counsel at every stage of the proceedings.

The State, while not conceding these propositions were properly raised before the trial court, meets them on the basis the record shows defendant's participation was far more than mere presence and that defendant was represented by counsel soon after his arrest and when questioned by police waived right to counsel.

I. Neither of these propositions was properly raised and preserved in the trial court. At the close of the State's evidence defendant moved for a directed verdict, claiming the evidence showed no more than his presence at the scene of the crime. The trial court overruled this motion. It was not renewed at the close of all the evidence or raised at any other stage of the proceedings.

No error can be predicated on the failure to grant a motion for peremptory verdict at the close of plaintiff's evidence. State v. Kulow, 255 Iowa 789, 793, 123 N.W.2d 872, 875; State v. Stodola, 257 Iowa 863, 134 N.W.2d 920; Ver Steegh v. Flaugh, 251 Iowa 1011, 1020, 103 N.W.2d 718, 724, and citations.

In State v. McLaughlin, 250 Iowa 435, 439, 94 N.W.2d 303, 305, we say: "The first assigned error raises no appealable question, since the trial court may, but is not required to, sustain a motion to direct at close of plaintiff's evidence."

II. Defendant's second contention is based on the holdings in Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A. L. R.2d 733, and Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977. The State argues they have no application under the facts in this case.

We have carefully searched the record and find defendant's second proposition is raised for the first time in this court. No mention was made of it in the trial court.

We have repeatedly said an appeal may be summarily disposed of on the proposition questions raised here were not properly raised below. Under such circumstances no appealable question is presented to this court. State v. Mart, 237 Iowa 181, 186, 20 N.W.2d 63, 66; State v. Hess, 256 Iowa 794, 797, 129 N.W.2d 81, 82, 83; State v. Meyers, 256 Iowa 801, 806, 129 N.W.2d 88, 92; State v. Myers, 257 Iowa 857, 135 N.W.2d 73.

When right to counsel is exercised, it will not do to say the accused is immune from compliance with the rules by which established procedure requires trials to be conducted. The trial court and the State are entitled to know defendant's claims, his objections and in what respect he contends he is not receiving a fair trial. State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, 19; State v. Post, 255 Iowa 573, 580, 123 N.W.2d 11, 15; State v. Myers, supra.

III. We will not, however, let a finding of guilt stand if upon examination of the record under Code section 793.18 we are convinced it shows a fair trial was not had. State v. Martin, 243 Iowa 1323, 1327, 55 N.W.2d 258, 260, 34 A. L. R.2d 904; State v. Cusick, 248 Iowa 1168, 1170, 84 N.W.2d 554, 555; State v. Post, 255 Iowa 573, 579, 123 N.W.2d 11, 15.

A conviction notwithstanding an absence of proof of an essential element of the crime charged amounts to denial of a fair trial. State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660, 662; State v. Stodola, supra. We therefore consider defendant's first proposition in connection with our determination of whether he had a fair trial.

 IV. It is primarily a question of fact as the State concedes mere presence at the scene of a crime is not enough to prove defendant committed the offense or that he did aid and abet its commission. See State v. Farr, 33 Iowa 553, 562; State v. Fonza, 254 Iowa 630, 635, 118 N.W.2d 548, 551.

The owner of the El Patio Cafe and her husband testified all doors and windows were secure at about 6 p.m. on Monday, January 27, 1964, but the next morning upon their return to open the business they discovered the place had been broken into, several T-bone steaks, a few tenderloins and several cans of Campbell's soup had been taken. The jukebox had been broken open and approximately $45 to $65 was missing.

Investigation by the owner and police officers disclosed an unsuccessful attempt to enter the east door had been made but that entry was gained by breaking out an east window.

Police investigation resulted in interrogation of a Richard Lewellyn about two days later in Omaha where he had been arrested and was being held in jail. Immediately thereafter police officers went to defendant's apartment in Council Bluffs where he voluntarily released several T-bone steaks and nine cans of Campbell's soup.

One of the officers testified defendant said Lewellyn had given him the food and that some of the steaks had been consumed. The recovered food was returned to the cafe by the police.

The next day, January 31, 1964, defendant was taken to police headquarters where upon being questioned he made many oral statements which were reduced to writing and signed by him.

This written statement was identified and received in evidence after two paragraphs to which defendant objected as immaterial were deleted by the court. Defendant's only objection to the statement (Exhibit 1) when reoffered after the deletion was that Captain Merriman had already testified to the matters contained in the exhibit.

The statement, Exhibit 1, dated January 31, 1964, and signed by defendant states:

"My name is Donald Eugene Mabbitt. I am 27 years old, having been born January 3, 1937, at Council Bluffs, Iowa. I went to the 8th grade in school and the last place I attended was at Edison in this city. I live with my wife Marie and seventeen-month-old daughter at 808—7th Avenue in Council Bluffs, Iowa, at this time. I did work as a janitor at the Jennie Edmundson Hospital in this city and was laid off this last week. I am at present unemployed.

"I make this statement to C. W. Merriman, who had identified himself to me as a Captain of this local police department. No threats, promises or inducement of any kind has been made to me, and I am informed that I need not make a statement if I so desire. I am also informed that anything that I say at this time can be used against me in court. With this in mind, I do freely and voluntarily agree to give this statement.

"I have known a fellow by the name of Richard Lewellyn for some time, and he has been coming to my home off and on. This man has also given me money and brought things to my home to keep for him. I also know this man well enough that I knew he has been in trouble with the police on numerous occasions.

"On the evening of Monday, January 27, 1964, I was with my wife, Marie, and we were out riding in my 1953 Plymouth. Richard Lewellyn was riding with us in the rear seat. I know that we are sort of hard up at this time, so we were talking about this at the time. Richard made the remark, 'If you need something to eat, I know where I can get some food for you.' I agreed to this and Richard told me to drive down to the El Patio Cafe, which is on 16th Avenue and near the Indian Creek. I drove to this area and parked my car on the north side of 16th Avenue, just west of 13th Street headed west. My wife and I sat in the car and Richard Lewellyn got out and walked over toward the El Patio Cafe.

"I don't know if the El Patio was open or not, but I am sure that the Sparetime Tavern that is right next door was closed up. In a short time Richard Lewellyn came back to the car and had some T-bone steaks, some Tenderloin and several cans of Camp-

bell's soup. He put this into my car and I took it home to my apartment at 808 7th Avenue.

"Last night Detectives Kennedy and Morrow came to my house and I turned over to them several cans of this soup and six of these T-bone steaks that we had not as yet eaten. I state that this is part of the food that Richard Lewellyn brought to my car last Monday.

"The next day, Tuesday, January 28, 1964, I know that Richard Lewellyn came to my home again and he had some money with him. I think he had about forty dollars. I know that he and I counted this money and then he gave me about thirty dollars of this money he had. I know that I gave half of this to my wife Marie at that time.

"I am able to read English and have read this statement of one page. I do here swear that all of this is true and have signed my name below."

Only defendant testified for the defense. He related substantially the same facts as told by him to the police.

■■ V. The recent possession of personal property taken from a building feloniously broken and entered is an evidential fact and unless the evidence in relation to that possession and the explanation thereof create a reasonable doubt of defendant's guilt, a jury is justified in returning a verdict of guilty. State v. Fortune, 196 Iowa 995, 195 N.W. 740, 742; State v. Jensen, 245 Iowa 1363, 1373, 66 N.W.2d 480, 485; State v. Gates, 246 Iowa 344, 352, 67 N.W.2d 579, 584; State v. Hobbs, 252 Iowa 439, 448, 107 N.W.2d 242, 247. Even though the possession be denied or explained, the truthfulness of such denial or explanation is for the jury. State v. Marshall, 105 Iowa 38, 41, 74 N.W. 763, 764; State v. King, 122 Iowa 1, 3, 96 N.W. 712, 713; State v. Jensen and State v. Hobbs, both supra.

The instructions submitted to the jury the law of aiding and abetting as well as that applicable to recent possession of stolen property. Defendant made no objections to any of the instructions. They fairly submitted to the jury all the issues raised by the record. Apparently the jury did not believe defendant's explanation. This of course does not mean he did not have a fair trial.

VI. Defendant's second contention is difficult to follow. Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733, holds a defendant is entitled to counsel in the trial of his case. His present counsel represented him at the trial. We find no violation of the rule as established by Gideon v. Wainwright.

Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, the other case cited by defendant under his second proposition is readily distinguishable from this case on the facts.

The court in Escobedo at page 986, 12 L. Ed.2d, states: "We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 US, at 342, 9 L ed 2d at 804, 93 ALR2d 733, and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

The record here is undisputed that the police officers before interrogating defendant fully advised him of his right to remain silent and that anything he said might be used against him. Exhibit 1 also contains a disclosure by the officer to defendant of his rights. On cross-examination Captain Merriman testified, "Q. When did you first advise him of his right to counsel? A. When I talked to him at first." This is undenied by defendant.

Upon the whole record, we feel defendant had a fair trial. —Affirmed.

All JUSTICES concur.