**People of the State of Illinois, Plaintiff-Appellee, v. William H. Perdew, Defendant-Appellant.**

**Gen. No. 50,021.**

First District, Second Division.

December 20, 1966.

David C. Falls, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a conviction, after a jury trial, for the crime of resisting or obstructing a peace officer while armed. The trial judge placed defendant on probation for a period of three years.

At the trial, the People presented evidence that on March 24, 1963, defendant was involved in an automobile accident in front of his home at 550 Elmwood Avenue, Evanston, Illinois. An altercation followed with a motorist, one Harry Sturgeon, who subsequently signed a complaint for battery against defendant. On March 24, several Evanston police officers investigated the incident, including detectives George Murphy and Thomas Joyce. These officers spoke to defendant and his wife and asked defendant to come to the police station with them. He refused.

Further evidence was presented that on March 27, 1963, Officers Joyce and Murphy went to defendant's home with a copy of an arrest warrant for battery, signed and sealed by a court clerk. They were admitted by defendant's wife, who called her husband. Defendant was informed that he was under arrest for battery and was shown the copy of the warrant. He went into another room to get a jacket and slammed the door. Mrs. Perdew and the officers entered the room and saw defendant with a gun in his hand. He ordered the officers to "Get on that telephone and do something about that warrant" while pointing the gun both at the officers and the telephone, but they refused to do so. Defendant placed the gun in an open drawer and reached for the telephone. Detective Joyce seized defendant. Defendant tried to regain possession of the gun but was overpowered by detectives Joyce and Murphy. Mrs. Perdew was also unsuccessful in an attempt to reach the weapon. After an additional struggle, defendant was handcuffed and brought to the police station.

It is defendant's theory of the case that the evidence is insufficient to establish beyond a reasonable doubt (1) that he knew the officers were making an authorized arrest and (2) that he knowingly obstructed the officers in making the arrest.

Chapter 38, § 31–2, Ill Rev Stats (1963) states as follows:

RESISTING OR OBSTRUCTING A PEACE OF-FICER WHILE ARMED. Whoever violates Section 31–1 while armed with a dangerous weapon shall be imprisoned in the penitentiary from one to two years.

Chapter 38, § 31–1, Ill Rev Stats (1963) states as follows:

RESISTING OR OBSTRUCTING A PEACE OF-FICER. A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both.

At the outset, we must distinguish this case from those situations where there is an arrest without a warrant and the defendant resists the arrest. In the instant case, we are dealing only with a defendant who questions the validity of the arrest warrant and resists and obstructs the execution of said arrest warrant.

██ ██ In support of his first contention, defendant argues that he was justified in questioning the authority of the arrest, (a) because the *copy* of the arrest warrant served on him was not signed by a judge and (b) because the arrest was not made on the same day as the altercation with the motorist. (Emphasis supplied.) The absence of a judge's signature on a copy of the warrant does not invalidate a warrant. The customary procedure followed by the State's Attorney's office in obtaining the issuance of a warrant, is to have the judge sign an original of the warrant and then obtain the seal of the

court and the signature of the clerk on the copy. The copy is then served upon the party named in the warrant.

■ Furthermore, a pertinent Illinois Statute, Ill Rev Stats (1961) chap 38, Par 678, provides:

> 678. AMENDMENTS.] § 13. The prisoner shall not in any case be discharged on account of any insufficiency or informality in the complaint, or on account of any informality in the warrant, or because it is not under the seal of the judge or justice, but the warrant may be amended by the judge or justice of the peace at any time pending the proceedings.

This provision was examined in United States v. Pate, 354 F2d 588, 590 (7th Cir 1965). The court held that the omission of the seal and signature of the clerk or his deputy, did not invalidate the instrument as a warrant, or invalidate the arrest made thereunder. The court based this holding on the fact that the above section allowed the informality to be corrected. We feel that the absence of the judge's signature on a copy of the warrant could also be corrected by amendment at any time pending the proceedings so long as the original of the warrant was signed by the judge.

■ Finally, defendant testified that the officer intimidated him by accusing him of an offense and that he obtained his gun because they were armed. Defendant did not testify that he resisted because he believed the arrest was illegal. Defendant also admitted that he was informed that a battery complaint was made by Sturgeon. The fact that the arrest was not made on the day of the accident, but three days later, does not diminish that fact and the inference that he knew why he was being arrested.

■ Defendant's second contention, that he did not knowingly obstruct the officers, is likewise without merit. There is evidence in the record that defendant pointed

his gun at the officers and attempted to regain possession of the gun before he was overpowered.

For the above reasons the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.