Bergan, J.
On September 13, 1963 a Justice of the Peace of the Town of Ashland in Chemung County issued three warrants for the arrest of appellant Alden James Briggs. One was for assault in the third degree; one for leaving the scene of a motor vehicle accident in violation of section 600 of the Vehicle and Traffic Law; and one for reckless driving in violation of section 1190 of the Vehicle and Traffic Law. Both motor vehicle charges were misdemeanors.
Bach warrant was in the usual form and stated it was based on information on oath laid before the Justice; and each was addressed “ To any Peace Officer in the County of Chemung ”.
When a State Trooper attempted to execute the warrants he was met by defendant Alden James Briggs with armed resistance and a threat to kill the trooper which amounted to assault in the second degree, if it be assumed the warrants were ‘ ‘ lawful process or mandate of any court or officer ” (Penal Law, § 242, subd. 5). The father of Briggs, Albert Briggs, was present during some of this occurrence.
The jury found both defendants guilty of assault in the second degree under that subdivision. Defendant Alden James Briggs was also found guilty of assault in the second degree under subdivision 4 of section 242 of the Penal Law which deals *41 with a willful assault with the use of a weapon likely to produce grievous bodily harm; and of violation' of subdivision 2 of section 1897 of the Penal Law, as it formerly read, which related to a person who “ has or carries concealed upon his person any firearm which is loaded with ammunition ’
The Appellate Division reversed on the law and as to both defendants dismissed the relevant count of the indictment charging the violation of subdivision 5 of section 242; as to defendant Alden James Briggs it also dismissed that count of the indictment charging violation of subdivision 2 of section 1897 and reversed on the law and the facts the charge of violating subdivision 4 of section 242. As to this last charge it ordered a new trial.
The People appeal from the order of reversal and argue the judgment entered at County Court should be reinstated. Defendant-appellant Alden James Briggs argues on his cross appeal that the direction for a new trial as to the assault under subdivision 4 of section 242 should be reversed and that that charge should be dismissed.
The determination of the Appellate Division that the defendant-appellant is entitled to a favorable reading of the statutory ambivalence resulting from the disjunctive language of former subdivision 2 of section 1897 of the Penal Law is right. This felony provision, covering a person “ who has ” or “ carries concealed upon his person ” a loaded firearm is, as the Appellate Division observed, designed in major purpose to relate to concealment and not, as the statute could be read literally to mean, mere possession.
The direction for a new trial on the subdivision 4, section 242, assault is also well founded, since that conviction rested on an erroneous charge to the jury. But on the appeal of defendant Alden James Briggs, seeking a dismissal of Ibis count of the indictment, the Appellate Division correctly held that a case would have been established under proper instructions to the jury and that a case prima facie was made out.
The main problem on the appeal arises from the dismissal by the Appellate Division of the charge of assault arising from the resistance of the execution of the warrants by the police officer. Because the informations upon which the warrants were issued were deemed by the court insufficient to justify the warrants, *42 it concluded each warrant was not a ‘ ‘ lawful process or mandate”; and hence resistance by force to its execution did not violate subdivision 5 of section 242 of the Penal Law.
The informations upon which the warrants were issued on September 13, 1963 were ultimately dismissed over a year later, in December, 1964, by another Justice of the Peace who had succeeded the Justice who had issued them and after some collateral litigation.
This was many months after the convictions here (Jan. 23, 1964). Thus at the time of the resistance, the indictments, the trial and the convictions, there had been no judicial disapproval of the informations and the judicial determination of the Justice to issue the warrants was outstanding.
The opinion at the Appellate Division assumed the legal insufficiency of the underlying informations and from this assumed also that the warrants were “void” and “invalid”. The informations are in the file of the case on appeal in this court. They seem on their face to state facts constituting the charges made, on the assault, e.g., one Brimmer swore that Alden James Briggs had assaulted him by willfully driving his automobile into complainant’s car and forcing it off a road. Since the informations were later dismissed, however, it must be deemed they would be held to be insufficient if tested in a challenge before a court.
But this kind of deficiency in an information which must ultimately be decided by a court does not render a warrant, valid on its face and issued by a Judge having jurisdiction, a nullity. It is a “lawful mandate or process”. Its potential underlying legal insufficiencies do not justify forceful resistance to the execution of a resulting warrant.
No orderly government would be possible if the sufficiency of the proof before a Magistrate upon which a warrant, good on its face, is issued, were to be decided by armed resistance to the execution of the warrant. The place to test out a process as being good or bad is in a court.
Where a man has open to him a means of testing in a court the underlying ground for issuing process by a judicial officer having jurisdiction of the subject and valid on its face, he should not be encouraged in a resort to force; and if he chooses this means of resistance he ought to incur the appropriate penalty.
*43 In Douglas v. State of New York (296 N. Y. 530), it was held that officers of a State hospital, accepting a patient for treatment, were justified in regarding as valid an order of the Special Surrogate, regular on its face, without making inquiry as to the underlying authority of that judicial officer to make the order. A somewhat similar view of acceptance by State officers of a parole warrant, valid on its face, was taken in Nastasi v. State of New York (300 N. Y. 473) even though the claimant had been discharged from that custody in a habeas corpus proceeding.
A case very similar to the present one in principle is Ford v. State of New York (21 A D 2d 437). There a Magistrate issued a warrant on an information apparently defective and subsequently dismissed. The court dismissed a claim against the State based on the execution of the warrant by a State police officer.
The court noted (p. 439): “ We determine that the warrant was valid on its face, and as such, the arresting officer was not required to institute an inquiry into its alleged invalidity. The offense stated was one for which the Magistrate had the authority to issue a warrant of arrest. (Code Grim. Pro., § 152.) The police officer was under a duty to comply with the warrant and in doing so he did not subject himself or the State to liability in an action for false arrest and imprisonment.”
This is consistent with many cases, e.g., Mudge v. State of New York (271 App. Div. 1039) where it was noted: “ Any error the Magistrate may have made in the exercise of his jurisdiction, whether in the issuance of proper process or decision of means, manner, or method in accomplishment of the objective which was within his jurisdiction, did not constitute false imprisonment or render any ministerial officer or employee of the State liable for false imprisonment because they obeyed directions for its execution.”
In the early case of People v. Warren (5 Hill 440 [1843]) the Supreme Court held on certiorari from the Oneida General Sessions that where the inspectors of election issued a warrant within their statutory jurisdiction and regular on its face, the knowledge of the officer executing the warrant of its erroneous issuance was no defense.
*44 The Per Curiam opinion noted: ‘ ‘ Although the inspectors had no jurisdiction of the subject matter, yet as the warrant was regular upon its face, it was a sufficient authority for Johnson to make the arrest, and the defendant had no right to resist the officer. The knowledge of the officer that the inspectors had no jurisdiction is not important. He must be governed and is protected by the process, and cannot be affected by any thing which he had heard or learned out of it ” (p. 440).
Cases cited by defendant-appellant such as People ex rel. Perkins v. Moss (187 N. Y. 410) afford no comfort to armed resistance to legal process.issued with authority and valid on its face. There the test of the underlying validity of the information was made in a court. Illustrative of this usual course of judicial evaluation are Austin v. Vrooman (128 N. Y. 229) and Fischer v. Langbein (103 N. Y. 84).
The proof of The participation of defendant Albert Briggs in the assault on the officer is insufficient, however, to sustain his conviction as a principal. The People’s proof showed he was not present when his .son began to threaten the police officer at gunpoint and there is no proof that he aided or counseled the assault which was under way when he came into the house. The assault was not aggravated by Albert Briggs’ comments to his son and the policeman; it was, indeed, terminated. Thus, for this reason, the dismissal of the indictment at the Appellate Division as to the father was right. As to defendant-appellant Alden James Briggs, the Appellate Division order, although reversing on the law, did not expressly show whether the court was otherwise satisfied with the verdict on the weight of evidence or, in a review of discretion, with the sentence imposed.
The order should be modified by reversing so much thereof as dismisses on the law the count charging defendant-appellant with violation of subdivision 5 of section 242 of the Penal Law and this charge remitted to the Appellate Division for its review of the facts and discretion; and, as thus modified, affirmed.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi and Keating concur.
Order modified and case remitted to the Appellate Division for further proceedings in accordance with the opinion herein and, as so modified, affirmed.