State of Iowa, appellee, v. Dennis Ray McElhaney, appellant.

No. 52254.

(Reported in 153 N.W.2d 715)

October 17, 1967.

Nielsen, Koons & Condon, of Cedar Rapids, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and Jack M. Fulton, County Attorney, of Cedar Rapids, for appellee.

LARSON, J.—By indictment defendant was accused of carnally knowing a female by force and against her will, in violation of section 698.1 of the 1962 Code of Iowa. The defendant entered a plea of not guilty and, upon trial, the jury returned a verdict of guilty. The court entered its judgment sentencing defendant to the State Penitentiary for a term of not to exceed twenty-five years.

Assigned as errors, upon which the defendant relies for reversal, are that the trial court erred (1) in overruling defendant's motion for a directed verdict, for the reason that there was not sufficient corroboration of the testimony of the prosecuting witness to identify the defendant as the person who committed the rape, and (2) in giving Instruction No. 15 to the jury on the issue of corroboration, for the reason that the court usurped the jury's function.

It appears from the record that about 9:30 p.m. on September 20, 1965, the prosecuting witness, over the age of 17 years, finished her work as a sales clerk in Cedar Rapids, Iowa, and took a bus to the neighborhood of her residence. When she got off the bus it was raining quite hard. Prosecutrix testified that as she walked toward her residence, the defendant, a Cedar Rapids service station attendant, drove up in his automobile and offered her a ride stating that he knew another girl at her residence. Believing that his face looked familiar, she accepted.

Instead of taking the prosecuting witness directly home, the defendant drove around Cedar Rapids even though she said she asked to be taken home twice. After a short time defendant drove out on Highway 74 toward Palo, Iowa. Somewhere between Palo and Cedar Rapids defendant turned off the highway and parked in a secluded spot. She said he began making advances toward her which she attempted to repel. However, she testified she was no match for his strength and,

after a struggle during which he struck her several times with a closed fist, she succumbed to penetration.

The defendant then took the prosecutrix home. She immediately related the happenings of the past half hour to a friend who lived in the same house. She also noted that a gold "chain type" bracelet and an eyebrow stencil were missing. She testified she reported the incident in the morning to the Linn County Sheriff's Office. She also had a physical examination by a local gynecologist.

After the prosecuting witness picked the defendant out of a lineup, a search warrant was issued and the interior of his automobile examined. Found therein were a portion of the missing bracelet and the eyebrow stencil. Also found in the car were pubic hair fibers which, when compared to those of the prosecutrix in an FBI laboratory in Washington, D.C., were found to have the same characteristics as hers. Robert Duckett, a special agent for the FBI, stated that the possibility of the pubic hairs found in defendant's car being not those of the prosecuting witness would be unusual. The gynecologist who examined the prosecutrix stated that, after an examination of her hymenal ring, it was his opinion that a tear in it had occurred within the previous 24 hours.

The defendant, testifying in his own behalf, admitted having intercourse with the prosecuting witness on the evening of the alleged rape. However, he testified that he used no force or threats to obtain penetration.

The trial court was satisfied the evidence was sufficient to warrant its submission to the jury, both as to the force used and as to corroboration.

I. Appellant first contends there was insufficient evidence presented to corroborate the testimony of the prosecuting witness that defendant committed the offense charged, asserting it is the statutory law of this State that a defendant cannot be convicted of the crime of rape or its included offenses upon the testimony of the injured party unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense.

He maintains the State's "other evidence" was insufficient

here to sustain the verdict and judgment rendered, and that his motion for a directed verdict, made at the conclusion of the State's evidence and renewed at the close of all evidence, should have been sustained. We do not agree.

██ It is true the trial court may sustain a defendant's motion for a directed verdict at the close of the State's case, but it is not required to do so, and no error can be predicated upon the court's failure to sustain that motion. State v. Mabbitt, 257 Iowa 1063, 1065, 135 N.W.2d 525, and citations; State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920. Unless the motion is renewed at the close of all evidence, it is deemed waived. Here the motion was renewed, so we must examine all the testimony to determine whether there was sufficient evidence to corroborate the testimony of the prosecutrix and connect defendant with the commission of this offense.

██ It appears an eyebrow stencil and gold chain bracelet owned by the prosecutrix were found in defendant's automobile by the authorities, that the prosecutrix made prompt complaint of the alleged attack and disclosed body bruises, torn clothing, and other physical evidence of force and violence, and that pubic hairs which matched those of prosecutrix, apparently torn out by the roots, were found in defendant's automobile. We are satisfied this evidence was sufficient to justify the court's denial of defendant's motion to direct, and sufficient to permit jury determination that there was adequate corroboration of the testimony of the prosecuting witness to connect defendant with the commission of the charged offense. It far exceeded the mere showing that defendant had the opportunity to commit the offense complained of, which of course would not suffice.

██ II. In his second assignment appellant maintains the trial court erred in giving Instruction No. 15, in that the court usurped the function of the jury to determine the weight and sufficiency of the evidence of corroboration.

The difficulty appellant faces here is that this contention comes too late. It is raised for the first time before us. In this record we find no objection was ever made to the giving of Instruction No. 15. In fact, it appears that at the time the

instructions were submitted to the jury defendant objected to Instruction No. 4 and said: "That's all the objection we have." In his motion for a new trial he attacked several of the instructions, but made no complaint as to Instruction No. 15. Thus he waived his right to this exception in his motion for a new trial as granted by Code section 787.3(5). State v. Hartung, 239 Iowa 414, 424, 425, 30 N.W.2d 491, 497. He was represented by able counsel at all times.

It is well settled in this jurisdiction that we are not required to consider an objection first urged in an appeal to the Supreme Court, and ordinarily we do not do so. State v. Ford, 259 Iowa 744, 145 N.W.2d 638, 642; State v. Wallace, 261 Iowa 104, 152 N.W.2d 266, 268; State v. Post, 255 Iowa 573, 584, 123 N.W.2d 11; State v. Pullen, 252 Iowa 1324, 1327, 110 N.W.2d 328, 331, and citations.

We have on occasions, when the whole record showed a fair trial had not been had, proceeded under section 793.18 of the Code to reverse a conviction, but those were extreme cases. See State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, 20, and citations. We find no such situation exists here and, after a careful review of the entire record without regard to technical errors, we are satisfied the defendant was not denied a fair trial, certainly not by the giving of Instruction No. 15. As bearing on this matter, see State v. Anderson, 240 Iowa 1090, 1098, 1099, 38 N.W.2d 662, 666, 667, and the recent case of State v. Miller, 254 Iowa 545, 556, 117 N.W.2d 447.

Having found no reversible error, the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.