**STATE of Iowa, Appellee,**

v.

**Francisco Serrano MEDINA, Appellant.**

**No. 53239.**

Supreme Court of Iowa.

March 11, 1969.

Galer & Galer and Donald E. Gartin, Mt. Pleasant, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Marvin V. Colton, County Atty., for appellee.

GARFIELD, Chief Justice.

Defendant Medina was charged by county attorney's information with the crime of resisting execution of process contrary to section 742.1 Iowa Code, 1966. Upon trial a jury found him guilty, his motion for new trial was overruled and he was fined $200 and costs. He has appealed. We affirm the sentence.

So far as applicable here the statute under which defendant was charged provides: "742.1 Resisting execution of process. If any person knowingly and willfully resist or oppose any officer of this state, or any person authorized by law, in serving or attempting to execute any legal writ, rule, order, or process whatsoever, * * * he shall be imprisoned in the county jail * * * or be fined * * *."

I. The information as filed charges defendant committed the crime in that he "did knowingly and willfully resist or oppose Richard L. King, Deputy Sheriff of Appanoose County in serving or attempting to

serve *a warrant of the Appanoose County District Court,* * * *." (emphasis added.)

During the trial, at the end of the testimony of the first of five defense witnesses (a medical doctor with psychiatric training who testified largely to defendant's mental condition) the county attorney was permitted to amend the information by substituting this for the language we have emphasized: "an order to take into custody (defendant), which order was issued * * by the Hospital Commission of Appanoose County, * * *."

Permitting the amendment is not assigned or argued as error upon this appeal. See in this connection sections 773.42, .43, .45 and .46 Code 1966.

It will be noticed Code section 742.1, supra, applies where an officer or other authorized person is "serving or attempting to execute any *legal* writ, rule, order, or process whatsoever, * * *." (emphasis added). The information as filed omits the word "legal" in referring to the warrant and the amendment also omits it in referring to the order to take defendant into custody by the Hospital Commission.

Defendant first argues the court erred in denying his motion to direct verdict on the ground the state failed to charge or prove issuance of a "legal" warrant. Code section 742.1; 67 C.J.S. Obstructing Justice § 14; and 39 Am.Jur., Obstructing Justice, section 22, page 516, are cited for the point that failure of the information to allege a legal process renders it fatally defective. The point is also made that the state has the burden to prove every element of an offense beyond a reasonable doubt, a matter which may be conceded.

Defendant's assigned error and first brief point in support of it are without merit. The contention was first raised in the motion to direct verdict at the close of the state's evidence in chief. Code section 777.2 provides that one of the two grounds of demurrer to an indictment is when it appears upon its face it does not substantially conform to the requirements of the Code. Section 777.3 states "All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case." These provisions apply to county attorneys' informations as well as to indictments. Sections 769.12, .13.

■ The claim the information was fatally defective in omitting the word "legal" in referring to the warrant was not asserted in the manner or within the time required by the above statutes and is therefore deemed waived. State v. Gute, 252 Iowa 294, 297, 106 N.W.2d 417, 418 and citations; State v. Hurd, 260 Iowa 184, 147 N.W.2d 895, 896.

■ Further, we have held many times it is not reversible error to refuse to direct a verdict of not guilty at the close of the state's evidence. State v. Mabbitt, 257 Iowa 1063, 1065–1066, 135 N.W.2d 525, 527 and citations; State v. Everett, Iowa, 157 N.W.2d 144, 146 and citations. Also where, as here, a motion to direct at the close of the state's evidence is not renewed at the close of all the evidence it is deemed waived. State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921 and citation; State v. McElhaney, 261 Iowa 199, 202, 153 N.W.2d 715, 717.

Aside from the procedural matters we have mentioned it is clear the information as filed and as amended was not fatally defective in omitting reference to a "legal" warrant or order. State v. Berenger, Iowa, 161 N.W.2d 798, 800–802 and statutes and precedents there cited.

It is true the evidence failed to show issuance of a warrant of the Appanoose district court as referred to in the information as filed but it did show before the case was closed issuance of an order purporting to be by the County Hospital Commission,

which appeared to be regular and legal, to take defendant into custody.

II. Defendant's remaining assignments of error are based on the overruling of his motion for new trial, not only on the ground considered in Division I hereof, but on two additional ones. The first of these is that the state failed to prove a legal order for custody of defendant issued or authorized by the Hospital Commission of Appanoose County. It is said an order to take into custody a person alleged to be mentally ill is void ab initio unless authorized by such commission.

The statutory name of such a commission is commission of hospitalization, Code 1966, section 228.1, formerly the commission of insanity, Code 1958, section 228.1. The commission consists of the clerk of the district court and a reputable physician and attorney, both in actual practice. Section 228.2. The clerk of the district court (or his deputy) is clerk of the commission and its meetings are ordinarily held at his office on notice from the clerk or deputy. Section 228.4.

"The clerk * * * shall: 1. Issue all processes required to be given by the commission, and affix thereto his seal as clerk of the court." Section 228.6, subd. 1.

With exceptions not here applicable "Said commission shall * * * have jurisdiction of all applications for the commitment to the state hospitals for the mentally ill, or for the otherwise safekeeping of mentally ill persons within its county. * * *." Section 228.8.

Code section 229.1 specifies the form and content of informations or applications for admission to the hospitals for the mentally ill.

Section 229.2 provides: "Hearing—custody. On the filing of such information, the commission, if satisfied that there is reasonable cause therefor, may require the alleged mentally ill person to be brought before it and, to this end, may issue its order to any peace officer of the county. * * *"

Defendant's contention the order to take him into custody was void ab initio, and hence he is not guilty of the crime charged, is based on the claim section 229.2 was not complied with because the commission did not authorize the order.

The evidence is that defendant's wife went to the clerk's office for the purpose of filing an information or application for admission of defendant to the hospital for the mentally ill; the clerk prepared the information for her and she signed and swore to it; the clerk notified the other two members of the commission by phone they would meet in her (clerk's) office that afternoon so she could inform Mrs. Medina of the time and place of the meeting while the latter was there in the office; the attorney member of the commission testified he was notified of the time and place of the meeting; he was not asked to approve an order for defendant to be brought before it; he (the attorney) was probably aware an order would be issued for defendant's custody but he did not expressly approve it; after telephoning the other commission members as to the meeting the clerk issued the order, affixed her seal to it and it was handed to Deputy Sheriff King whom defendant was charged with resisting when the former was serving it.

Defendant offered the order in evidence and caused it to be read to the jury without objection as part of his cross-examination of the clerk. In overruling defendant's motion for new trial the court expressed the view defendant was not in position to challenge the legality of an order he had put in evidence without objection. The trial court took the further position that where, as here, an order for custody which is valid on its face is delivered to a peace officer for service it is his duty to serve it and the duty of the person served to subject himself to such custody.

As applied to the facts here we agree with this position.

■ Defendant's counsel admitted in oral argument upon submission of the appeal the order Deputy King was attempting to serve on defendant was regular and legal on its face and that an officer should not be required to stop to inquire into the regularity of a warrant given him for service. There is no evidence King had any information the order had not been issued by authority of the hospitalization commission. If there was any irregularity in its issuance he was unaware of it.

In Crabtree v. State, 238 Ark. 358, 381 S.W.2d 729, 730, 10 A.L.R.3d 1142, 1145, defendant was charged, tried and convicted of unlawfully resisting execution of process. Upon appeal he argued for reversal on the ground the search warrant was not a valid legal process because it and the affidavit on which it was based were not properly prepared or legally issued. In affirming the conviction the court held "The validity of a criminal process, regular on its face, is immaterial in the prosecution for a violation of this statute. One cannot defy and obstruct the service of such a process without being subject to prosecution. Appling v. State, 95 Ark. 185, 128 S.W. 866, 28 L.R.A.,N.S., 548. It is undisputed that the search warrant in the instant case was regular on its face."

The annotation appended to the Crabtree opinion in 10 A.L.R.3d 1146, 1152 states the general rule is "that where a process is valid on its face, the officer will be protected in the service of such process, despite any irregularities or errors in the issuing thereof. Of course, this line of thinking is broad enough to encompass the theory that a process which is invalid on its face, or essentially invalid, may be resisted without criminal liability."

A long list of precedents from many jurisdictions follows this statement in the annotation: "In the following cases, it has been held or recognized that criminal liability for the offense of obstruction of process, * * * or the like, as it has been variously stated or defined, may be

imposed for improper resistance to a form of process which the court regarded as valid or regular on its face."

Decisions which support the quoted statement, in addition to Crabtree v. State and Appling v. State, both supra, include People v. Vargas, 179 Cal.App.2d Supp. 863, 3 Cal. Rptr. 925, 926–927, cert. den. 364 U.S. 830, 81 S.Ct. 71, 5 L.Ed.2d 58; State v. Cesero, 146 Conn. 375, 151 A.2d 338, 340–341; People v. Perdew, 78 Ill.App.2d 331, 223 N.E.2d 308, 310; Morrill v. Hamel, 337 Mass. 83, 148 N.E.2d 283, 285–286; State v. Weed, 21 N.H. 262; People v. Briggs, 19 N.Y.2d 37, 277 N.Y.S.2d 662, 224 N.E. 2d 93, 96 and citations; Meador v. State, 44 Tex.Crim. 468, 72 S.W. 186; See also State v. Foster, 10 Iowa 435; 67 C.J.S. Obstructing Justice § 2c, pages 46–47.

The only decisions defendant cites on this point are Cooley v. Davis, 34 Iowa 128, 130 and State v. Mabbitt, supra, 257 Iowa 1063, 1066, 135 N.W.2d 525, 528. Neither case supports defendant's second assigned error. State v. Mabbitt is cited for its holding there must be proof of the essential elements of the crime charged. The proposition is not debatable. Cooley v. Davis was an action of replevin for a quantity of beer seized under a search warrant pursuant to a law previously held unconstitutional by this court. It was held the search warrant furnished no authority for retention of the property and the demurrer to the petition should have been overruled.

III. We find without merit defendant's final assigned error that there is insufficient evidence Deputy King adequately identified his official status to defendant.

■ In considering this assignment the evidence is viewed in the light most favorable to the state. Of course it is the function of the jury, not ours, to decide disputed fact questions. Its finding is binding upon us unless we are satisfied it is without substantial support in the evidence or clearly against the weight thereof. State v. Stodola, supra, 257 Iowa 863, 865–

866, 134 N.W.2d 920, 921, and citations; State for Use of City of Dubuque v. Steger, 259 Iowa 1147, 1149, 147 N.W.2d 45, 46.

Defendant argues Deputy King executed the order to take defendant into custody without disclosing a badge or shoulder insignia and without displaying the order when defendant asked to see it.

■ Code section 755.7 provides that the person making an arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, of his authority to make it, that he is a peace officer, if such be the fact, and require him to submit to the officer's custody, except under circumstances not here applicable, and if the officer is acting under authority of a warrant he must give information thereof and show the warrant if requested. Since defendant cites this statute as applicable here we may assume it is. There is substantial evidence Deputy King complied with these requirements in executing the order to take defendant into custody.

Section 755.8 provides "When the arrest is being made by an officer under the authority of a warrant, if, after information of the intention to make the arrest, the person to be arrested attempts to escape or forcibly resists, the officer may use all necessary means to effect the arrest."

■ There is also substantial evidence defendant forcibly resisted being taken into custody and that Deputy King did not use unnecessary means to execute the order.

It is true defendant contradicted evidence for the state on some of these matters but the jury, as it had a right to do, evidently believed the state's evidence.

We are cited to no authority that a deputy sheriff in a county such as Appanoose must be identified by a badge or shoulder insignia.

There is plenty of evidence that when Officer King went to defendant's place of employment to execute the order for his custody he was wearing his deputy sheriff's uniform, including a jacket. King first contacted the manager of the plant where defendant was employed, told him why he was there and showed him the order which the manager returned to King. The manager, evidently friendly to defendant, testified he recalled seeing the badge or shoulder patches of the deputy sheriff at the time in question.

Evidence for the state also is that when defendant appeared, the two went outside the plant where King tried to explain to defendant why he was there and to serve the order on him but defendant showed little interest in it. King did not recall that defendant asked to see the order. Defendant admitted on cross-examination King told him he was deputy sheriff and he (defendant) was under arrest "when all this trouble happened."

We find no ground for reversal assigned and argued by defendant.

Affirmed.

All Justices concur.