■ In the Matter of WILLIAM E. McCARTHY, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously confirmed, without costs. Memorandum: This is an article 78 proceeding (transferred to this court by an order of Special Term, Erie County) to annul the determination of the State Liquor Authority suspending petitioner's license for 30 days and imposing a $1,000 bond claim. On March 24, 1970, petitioner was charged with (1) violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that he suffered or permitted gambling on the licensed premises on January 19, 20, 22, 29, and February 5, 1970; (2) unreasonably interfering with police officers conducting an investigation in violation of subdivision 1-N of rule 36 of the Rules of the State Liquor Authority (9 NYCRR 53.1 [n]); and (3) violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that he suffered or permitted the premises to become disorderly on February 5, 1970. There is evidence in the record, and the Hearing Officer found, that undercover police officers observed actions and heard conversations between petitioner or his brother, the bartender, and the patrons which involved gambling on horse races, and that such observations took place on January 19, 20, 22, 29, and February 5, 1970, prior to execution of the search warrant on petitioner's premises. On February 5, 1970, after the search warrant was served, petitioner, his brother, and the patrons jostled the police officers and verbally abused them. Petitioner and his brother failed to do anything to calm the patrons; and in fact actually participated in shoving, screaming and hurling scurrilous epithets at the police officers, causing the officers to fear that a fight would break out. The search warrant was later declared invalid by a City Court Judge. Viewing the record as a whole, the authority's determination is supported by substantial admissible evidence which establishes the elements of the alleged violations and sustains the findings of fact made by it (*Matter of Danzo Estate* v. *New York State Liq. Auth.*, 27 N Y 2d 469; *Matter of Club 95* v. *New York State Liq. Auth.*, 23 N Y 2d 784; *Matter of Beverly Lanes* v. *Rohan*, 11 N Y 2d 909; *Matter of Avon Bar & Grill* v. *O'Connell*, 301 N. Y. 150). Petitioner's contention that proof of the events of February 5 (when the premises became disorderly) should have been excluded because the City Court's suppression order is without merit. The police were on the premises with a search warrant valid on its face. The acts of petitioner, his brother, and the patrons in resisting the execution of a seemingly valid warrant were completely independent of the warrant's later-

declared invalidity. Where the document on which a warrant is based is later declared insufficient, this does not render the warrant, valid on its face and issued by a Judge having jurisdiction, a nullity; it is a "lawful mandate or process," and the fact that it may ultimately be found legally insufficient does not justify resistance to the execution of a warrant (*People* v. *Briggs,* 19 N Y 2d 37, 42). Petitioner's argument that this was a "one time occurrence" not warranting a penalty does not apply where a licensee and his bartender, or either of them, are instrumental in creating the disturbance (*Matter of Inner Circle Rest.* v. *New York State Liq. Auth.,* 30 N Y 2d 541; *Matter of Club 95* v. *New York State Liq. Auth., supra.*). Finally, the contention that the opinions of an expert witness must be excluded since the hypothetical questions failed to assume certain facts in evidence is also without merit. On cross-examination counsel for petitioner interjected pieces of evidence which had not been specifically included in the assumed facts of the hypothetical questions, but the expert witness refused to change his opinion (see *Middleton* v. *Whitridge,* 213 N. Y. 499, 514). (Review of determination suspending license, transferred by order of Erie Special Term.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.