OPINION OF THE COURT
Memorandum.
The order of the Chautauqua County Court should be reversed and the case remitted to that court for review of the facts (CPL 470.25, subd 2, par [d]; 470.40, subd 2, *934 par [b]). Defendant was convicted in the Jamestown City Court, after a jury trial, of obstructing governmental administration (Penal Law, § 195.05). The County Court reversed holding that defects in the papers on which was issued the warrant which the officer involved in the obstruction charged sought to execute made it invalid as a matter of law, and that defendant, therefore, had the right to resist its execution.
The defects in the warrant did not render it facially invalid. As we held in People v Briggs (19 NY2d 37, 42) : “No orderly government would be possible if the sufficiency of the proof before a Magistrate upon which a warrant, good on its face, is issued, were to be decided by armed resistance to the execution of the warrant. The place to test out a process as being good or bad is in a court.” Especially is that true where, as here, the issuance of the warrant was not ex parte but on motion at the disposition of which defendant appeared in court. Nor can Briggs be distinguished as defendant seeks to do by pointing out that section 35.27 of the Penal Law, enacted thereafter, is limited to an arrest, for under both section 195.05 and subdivision 3 of section 120.05 of that law a police officer or peace officer is protected in the performance of an official function of whatever kind.
Defendant argues that he is nonetheless entitled to an affirmance because the City Court Judge denied his speedy trial motion without an evidentiary hearing. Under CPL 470.35 (subd 2, par [b]), we may, because defendant was adversely affected by the City Court’s denial of that motion, consider his speedy trial contention. On the merits, however, it does not avail him. The motion papers show that it was made under CPL 30.20 rather than CPL 30.30, and the affidavit in support of the motion established that defendant was not incarcerated, and that of the 13 months between filing of the information and the date of the motion at least 9 were the result of a pretrial conference and motions made by defendant. In light of those facts and of the failure of the affidavit to allege any impairment of his defense as a result of the delay, defendant’s motion could properly be denied without a hearing (cf. People v Taranovich, 37 NY2d 442, 445).
*935 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed and case remitted to Chautauqua County Court for further proceedings in accordance with the memorandum herein.